## SARAH SCHATZ, Appellant, *v.* PAUL DEVITTE, Respondent.

No. 4110

March 2, 1959          335 P.2d 783

*Zenoff & Magleby,* of Las Vegas,, for Appellant.

*Toy R. Gregory,* of Las Vegas, for Respondent.

# OPINION

By the Court, MERRILL, C. J.:

This is an action for slander. The defendant has appealed from judgment in the sum of $10,000 entered by the court below sitting without jury.

In her opening brief appellant made one assignment of error: that the court below had acted in abuse of discretion in striking defendant's answer and entering default against her for her failure to appear for the taking of her deposition.

Rule 37(d) NRCP provides, "If a party * * * willfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party * * * or enter a judgment by default against that party."

Appellant contends that the record does not show that her failure to appear was willful under the provisions of that rule.

The record shows that on October 16, 1957 appellant's attorney was served with notice that appellant's deposition would be taken on October 29, 1957. By stipulation the time for taking the deposition was advanced to November 5, 1957 and subsequently to November 14, 1957. On November 14, 1957 appellant did not appear at the stated time and place. A telephone call was made to her attorney who advised that appellant would not appear and that her deposition consequently could not be taken. On the same day respondent moved to strike appellant's answer and to enter default in his favor

under Rule 37(d). This was granted by the court on December 5, 1957.

At the hearing on the motion appellant's attorney appeared but offered no explanation why appellant failed to appear for the taking of her deposition and, in fact, apparently concurred in the action of the court.

Under these circumstances the trial court was entirely justified in concluding that appellant's failure to appear was willful. Accordingly we find no abuse of discretion in the entry of default.

After the answering brief of respondent on the foregoing assignment of error had been filed with this court, appellant filed a supplemental opening brief asserting error in another respect. Respondent moved to strike this brief, which motion we denied.

In her supplemental opening brief appellant contended that the judgment awarded was excessive. She asserts in this connection that the trial court awarded special damages with respect to earnings on the basis of what respondent was likely to lose rather than on the basis of what he had actually lost; that future damages were thus awarded without any showing that they were certain to be incurred.

It would appear from the findings of the trial court that damages had been awarded in contemplation of future loss. However, the record on appeal does not contain any transcript of testimony and we have no way of knowing in what respect the evidence may support this finding or fail to support it. "Appellant, then, has wholly failed to provide this court with the means for considering the merits of her contention." Corey v. Corey, 72 Nev. 29, 292 P.2d 1073.

Also with respect to the award of damages appellant points out that the trial court had allowed $2,400 for mental suffering and an additional $250 for humiliation. She contends that this amounts to duplication since mental suffering should be construed to include humiliation.

Whether this be so in this case would, of course, depend upon the sense in which the words were used by the trial court. It is clear to us that for mental suffering including humiliation the court intended to allow and did allow a total of $2,650. We find no merit in this contention.

Finally appellant contends that judgment in the sum of $10,000 is manifestly excessive in view of the relationship of the parties. Appellant is the aunt of respondent's wife. She contends that the alleged slander was, at most, part of a family spat.

We need not go into the details of the slander. Suffice it to say that the trial court was wholly warranted in considering the statements maliciously made and slanderous per se. We do not regard the amount of the judgment as indicative of the fact that it was given under the influence of passion or prejudice. We shall not, then, attempt to substitute our opinion as to damages for that of the court below. Burch v. Southern Pacific Company, 32 Nev. 75, 104 P. 225.

After the answering supplemental brief of respondent on the foregoing assignments of error had been filed appellant filed a reply brief in which, for the first time, she contended that the trial court had erred in awarding special damages when such had not been pleaded.

Appellant has already been afforded two opportunities to establish the basis for her appeal. This, we feel, is ample. For this reason we shall disregard appellant's final contention as not timely made.

Affirmed.

BADT, J. and BREEN, D. J., concur.

(Note: McNAMEE, J., having disqualified himself, the Governor designated Honorable Peter Breen, Judge of the Fifth Judicial District Court, to sit in his place and stead.)