RIVERSIDE CASINO CORPORATION, Appellant, *v.* J. W. BREWER COMPANY, INC., a California Corporation, Respondent.

No. 4673

March 17, 1964                           390 P.2d 232

*Bradley & Drendel, Guild, Busey & Guild,* and *Leo P. Bergin,* all of Reno, for Appellant.

*Loyal Robert Hibbs,* of Reno, for Respondent.

**OPINION**

By the Court, Badt, C. J. :

This action was commenced in the court below by respondent to recover from appellant the sum of $6,645

alleged to be due and owing under a certain lease agreement embracing certain ice-making equipment.

The complaint was filed June 29, 1961. The period from that date to November 1, 1961, was taken up largely in the settlement of the pleadings. In this process there were involved a motion to dismiss, a demand for points and authorities, the filing of an amended complaint, a motion for more definite statement, etc. Although respondent justifies the court's order for default judgment partly upon such delays and although those delays may have indeed been irksome to respondent, they resulted from steps which, under the rules, appellant was justified in taking, and we dismiss the same from further consideration.

On November 1, 1961, respondent served a request for admissions to the effect that the lease agreement was executed by the appellant corporation and that Jack Douglass, who signed the same on behalf of appellant, was an officer authorized so to do. On November 10, 1961, appellant filed objections to the request for admissions on the ground that such request called for legal conclusions rather than admissions of fact. On January 4, 1962, appellant served its answer and counterclaim and filed same January 10, 1962. In the meantime, on January 9, 1962, respondent had filed its reply to the counterclaim. On July 6, 1962, respondent served and filed two interrogatories (1. What are the names, addresses, and occupations of the witnesses that you will call at the trial of this matter? 2. To what facts do you expect each of the witnesses to be called by you to testify?), and on the same day noticed the hearing on appellant's objections to request for admissions for July 27, 1962. Appellant objected to the interrogatories on the grounds (1) that what the appellant's witnesses would testify to is immaterial and outside the scope of proper interrogatories; (2) that appellant does not have knowledge as to what each of said witnesses would testify; (3) that if appellant were to call in all of said witnesses and prepare their testimony it would be unduly burdensome upon appellant, and that "said interrogatory is made for the purpose of harassing" the appellant. On July 20,

1962, answer to Interrogatory 1 was filed, which stated the names, addresses, and occupations of four witnesses to be called. Interrogatory 2 was not answered. On July 6, 1962, *appellant* not having noticed the hearing of its objections to respondent's requests for admissions, as required by NRCP 36(a), *respondent* noticed appellant to appear to settle the objections, and a hearing was had November 7, 1962, wherein the basic facts asked to be admitted were admitted by appellant. On November 13, 1962, respondent served further interrogatories upon appellant, and having obtained no answers to the same, respondent filed a motion for an order compelling appellant to answer the interrogatories. Appellant thereupon served unsworn and unsigned answers to the interrogatories contrary to the requirement of NRCP 33. At a hearing to compel proper answers to the interrogatories, the trial court determined that appellant's refusal to answer was without substantial justification and gave appellant 20 additional days to make proper answers and ordered appellant to pay respondent $100 as and for attorneys' fees and costs. Appellant has not paid the sum ordered. On January 25, 1963, appellant's president filed an affidavit stating that he thought the unsigned and unsworn answers to the interrogatories previously filed were true, but that the matters were not within his personal knowledge or the personal knowledge of any officer of the corporation.

On February 6, 1963, respondent filed a notice of the taking of the depositions of Raymond Spector, William Ehrens, S. W. Wageman, and Gary Harrigan, officers of appellant corporation (to be taken in Reno February 15, 1963). On February 8, 1963, appellant filed a motion supported by affidavit that the depositions be not taken on the ground that Spector, Ehrens, and Wageman were not in Nevada and are residents of New York. The affidavit is silent as to Gary Harrigan. The motion was heard on February 13th, at which time the court allowed additional time, but ordered all noticed corporate officers to appear at respondent's counsel's office on March 1, 1963, for the taking of the depositions. None of the officers appeared at the time and place set, not even Gary

Harrigan, the taking of whose deposition appellant had not objected to.

At no time did appellant seek any of the protective orders available under Rule 30 (b) NRCP.

On March 17, 1963, pursuant to notice, respondent moved for judgment by default pursuant to NRCP 37 and 37 (d). The motion was granted and judgment entered in favor of the respondent in the sum of $6,645, plus attorney fees in the sum of $1,500, plus interest on $6,645 at 7% from June 29, 1961. Appeal is from such judgment.

The primary question raised by the appeal is whether the entry of the default judgment was an abuse of discretion. Prior to the adoption of NRCP, the penalties for a party's refusal to attend and testify at the trial, or to give his deposition before trial, or upon commission, or for disobedience to a subpoena, etc., were provided under the provisions of NRS 48.170. Provisions for discovery through the taking of depositions by written and oral interrogatories, requirements for production of documents, answers to request for admission of facts and genuineness of documents are provided generally by Rules 30, 31, 32, 33, 34, and 36, and the sanctions provided in Rule 37. In place of seeking a contempt order for appellant's failure to comply, respondent sought and obtained an order compelling respondent to answer the interrogatories. Even at such hearing the trial court determined that appellant's refusal to answer was without substantial justification but allowed an additional 20 days to make proper answer.

Upon the failure of the four corporation officers, or any of them, to appear for the taking of their depositions on March 1, 1963, as ordered by the court, it ordered default judgment in accordance with the sanctions provided in NRCP 37 (b) (2) (iii).

The actions of the appellant were more flagrant than those of the appellant who failed to appear for the taking of her deposition in Schatz v. Devitte, 75 Nev. 124, 335 P.2d 783, in which case the trial court concluded that the failure to appear was willful and this court

held there was no abuse of discretion in entering default. Here the appellant willfully and persistently evaded all of respondent's efforts under discovery procedures authorized by the rules. As to the four officers of the corporation, the taking of whose depositions was duly noticed and later continued by order of the court, it should be noted that no objection had been made to the taking of the deposition of one of the officers who, it appears, resided in Sparks, Washoe County, Nevada. The failure of the officers to appear cannot be considered other than willful.

Notice of entry of judgment was served May 8, 1963. Notice of appeal was filed June 6, 1963. Designation of record on appeal, dated September 5, 1963, was filed the following day.[1] On September 9, 1963, the court ordered that the appeal be had on the original papers in the case, and on said date ordered that defendant have to and including September 9, 1963, in which to docket its appeal and file its record on appeal.[2]

Appellant relies on NRCP 45(d)(2) as not requiring attendance if the witness resides more than 40 miles from the place of service, etc. This rule however applies to witnesses and not parties. Appellant cites seven cases to support its point. Respondent filed an answering brief, successfully distinguishing all of such cases. Appellant filed no reply brief.

Appellant contends that as defendant corporation was in bankruptcy, there could be no effective officers in existence, whose depositions could be taken. No authority is cited in support of this contention. It is without merit.

The judgment is affirmed with costs.

MCNAMEE and THOMPSON, JJ., concur.

---

[1] No sanction was sought for appellant's violation of NRCP 75.

[2] After September 4, 1963 (the 90th day after filing notice of appeal), the district court lost jurisdiction to extend time for this purpose. NRCP 73(g). No sanction was sought by respondent.