HOWARD L. CONRAD, APPELLANT, v. IRWIN SADUR, RESPONDENT.

No. 5125

January 9, 1967                    422 P.2d 236

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Murray Posin,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Irwin Sadur brought suit in the trial court for $50,000 and costs based upon a promissory note executed by Conrad. Conrad's answer consisted of a general denial except that he admitted the execution of the note and further alleged the affirmative defense of absence of consideration.

The sole issue on appeal arose when Sadur attempted to take Conrad's deposition in advance of trial. The deposition was noticed for April 7, 1965 at the office of respondent's attorney in Las Vegas. On April 5, Conrad moved the court for an order that the deposition be taken in California, stating that he resided there and that his health prohibited him from traveling to Nevada.

Evidently, there was no immediate hearing on Conrad's motion. The record shows that it was not until October 11, 1965 that Sadur moved for an order to strike Conrad's pleadings and for a default judgment on the ground that Conrad had refused to make himself available for the taking of his deposition and that no time or place could be arranged. Thereafter, the parties agreed by written stipulation of attorneys for both, as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled action, by and through their respective counsel of record that plaintiff's motion for an order striking defendant's pleadings in the above-entitled action and rendering a default judgment in favor of plaintiff and against defendant is hereby granted unless defendant appear and submit to the taking of his deposition, upon oral examination, pursuant to Rule 26 of Nevada Rules of Civil Procedure, before Frank Nelson, Notary Public, or before some other officer authorized by law to administer oaths, on the 24th day of November, 1965, at 2:00 o'clock P.M. of said day, at the offices of Sherman & Sturman, Esqs., 8500 Wilshire Boulevard, Beverly Hills, California." One of the trial judges appended to the stipulation, "SO ORDERED."

Conrad failed to appear for the deposition. Thereafter, Sadur filed notice of application for judgment, but Conrad presented in opposition a telegram from his doctor, stating that Conrad's attendance at the deposition was potentially serious to his health.

The court entered an order striking appellant's pleadings and entered judgment against Conrad for $50,000 with interest, plus costs. Conrad appeals from that judgment.

1. The assignment of error is the contention that NRCP 37(d) requires a "willful" failure to appear to justify a judgment by default and that Conrad's failure to appear for reasons of health could not be deemed "willful." Schatz v. Devitte, 75 Nev. 124, 335 P.2d 783 (1959). Hence, the trial court abused its discretion in granting the motion to strike and entering the judgment.

Schatz v. Devitte, supra, is not appropriate to these facts. The stipulation sets this case apart because Conrad did not seek relief from the default judgment after it was entered below. Los Angeles City School District v. Landier Investment Co., 2 Cal.Rptr. 662 (1960). Generally, it is not an abuse of discretion to enforce a valid stipulation. Gottwals v. Rencher, 60 Nev. 47, 51, 98 P.2d 481 (1940); Miller v. Walser, 42 Nev. 497, 507, 181 P. 437 (1919); Garaventa v. Gardella, 63 Nev. 304, 323, 169 P.2d 540 (1946). We have in this case what amounts to a judgment by consent and Rule 37(d) does not apply.

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.