**MARRIOTT HOMES, INC., Plaintiff,**

**v.**

**William T. HANSON, Defendant.**

**Civ. A. No. 17893-3.**

United States District Court,
W. D. Missouri, W. D.

June 23, 1970.

W. Raleigh Gough, and Robert M. Coleman, Kansas City, Mo., for plaintiff.

Clyde G. Meise, and Burdette Fullerton, of Mitchell & Meise, Kansas City, Mo., for defendant.

## ORDER STRIKING DEFENDANT'S ANSWER AND COUNTERCLAIM; JUDGMENT BY DEFAULT FOR PLAINTIFF

BECKER, Chief Judge.

This is an action brought under the diversity statute, Section 1332 of Title 28, United States Code, in which plaintiff alleges that defendant ordered a mobile home from plaintiff but refused to pay for it after delivery.

On March 25, 1970, an order was entered denying plaintiff's motion to make a counterclaim more definite and certain as moot. Although a proposed counterclaim had apparently been served on plaintiff, it had never been filed by defendant.

An examination of the file made by the Court prior to May 12, 1970, reflected that under the provisions of Standard Pretrial Order No. 1, discovery was to have been completed on or before March 30, 1970; respective lists of witnesses and exhibits were to have been filed on or before April 9, 1970; the stipulation of uncontroverted facts on or before April 20, 1970; and Standard Pretrial Order No. 2 on or before May 19, 1970; and that plaintiff's lists of witnesses and exhibits were filed on April 9, 1970, but defendant's lists of witnesses and exhibits were never filed, nor were the stipulation of uncontroverted facts and Standard Pretrial Order No. 2. Therefore, this Court entered its order on May 12, 1970, directing that defendant show cause why the answer should not be stricken and default judgment entered against him for his failure to comply with Standard Pretrial Order No. 1.

Meantime, defendant filed his "motion for leave to set up omitted counterclaim," in which he asserts that plaintiff breached the contracts here sued upon by delivering "defendant several of said mobile homes in an inferior, faulty and defective condition (as more fully hereinafter set out) thereby failing to conform to samples of said mobile homes from which defendant agreed to purchase from plaintiff." Defendant therein further asserts that the sales were thus made in violation of an implied warranty of merchantability and enumerates the defects in the respective homes.

After the issuance of the above show cause order herein, plaintiff submitted in this Court its "suggestions on motion for leave to set up counterclaim." Therein plaintiff requested "the court to grant leave to defendant to file his first amended answer and counterclaim herein." Attached to these suggestions was a "stipulation" signed by counsel for plaintiff and counsel for defendant, wherein it was stipulated that plaintiff consented to the filing of the proposed counterclaim by defendant. Further, the parties also joined in requesting an extension of time in which to complete discovery. Accordingly, by the order entered herein on May 15, 1970, defendant was granted leave to amend his answer by filing the counterclaim and the time in which to complete discovery was extended to and including June 9, 1970. In the same order, the parties were forewarned "to conduct an efficacious future course of discovery inasmuch as further extensions of time will not be granted in the absence of exceptional circumstances."

Plaintiff now moves to strike defendant's answer and counterclaim and enter default judgment in its favor for failure of defendant to appear at a deposition scheduled by it on June 1, 1970. In support of the motion, plaintiff states as follows:

"Plaintiff's counsel have attached hereto a copy of the Certificate of the Notary Public showing that the defendant failed to appear for the taking of his deposition after the due service of a notice to take his deposition had

been made on his attorneys and they had agreed to produce him at the date set in accordance with such notice.

"The court had on May 15, 1970, entered its order granting defendant leave to file his amended answer and cross-complaint (sic) and by such order had directed that completion of discovery should be extended to and including June 9, 1970. Said amended pleading raised counter-claims pertaining to approximately 19 mobile homes sold by plaintiff to defendant, other than the one which is the subject of the complaint. Various charges of defects in such other units sold and as to failure to pay certain alleged 'commissions' on others and on failure to furnish 'Certificate of Origin' on other units were made in said pleading, which required plaintiff's counsel, at a time when he was busy with other court matters, to make a trip to Double Springs, Alabama to get the necessary information to file a reply to said amended answer and cross-complaint and to take the defendant's deposition as to the various allegations of fact made in his said amended answer and cross-complaint. This, despite the previous taking of defendant's deposition on the very day that he purported to file a previous counter-claim herein, which 'jumbled up' the various claims that he now makes in specific details.

"The court may read such previous deposition and see that the defendant was very vague and uncertain as to the alleged defects in such other units sold, and that plaintiff's counsel was unable to obtain any satisfactory discovery at that time as to those issues that he had just been confronted with, because the defendant had not even bothered to look at his records before coming to take his deposition, and gave as his reason for not making satisfactory answers that he would have to look up his records to determine those facts.

"What was needed to meet the issues raised by defendant was a complete discovery, calling in all the records that he had pertaining to those issues, after plaintiff's counsel had become acquainted with the facts as disclosed by the records of the plaintiff and as furnished by various employees who had handled the transactions with defendant.

"On account of the small amount of time remaining, plaintiff's counsel called defendant's counsel and told him that he was serving notice to take defendant's deposition on June 1, 1970 and requested that there be no delay. Defendant's counsel agreed that there would be no delay, and that he would ask that certain documents be brought in, defendant's counsel said that possibly we should serve a subpoena duces tecum on defendant for those records. Plaintiff's counsel informed him that he did not know exactly what records he would need until he had made a trip to plaintiff's place of business in Alabama, but that he would have a subpoena served on defendant as soon as possible after his return.

"Plaintiff's counsel went to Double Springs, Alabama, on Sunday, May 24, 1970, and spent the whole day of Monday getting copies of all of plaintiff's records pertaining to the various units that were the subject of defendant's counter-claims. He arrived in Kansas City at about 10:00 p. m. Monday night and had to leave early in the morning from his home for the taking of a deposition in Camdenton, Missouri, on another case (which was to go to trial on June 2, 1970) so he was not able to be at his office until Wednesday, May 27, 1970.

"He then prepared a reply to the amended cross-complaint and a subpoena for service upon the defendant and placed such subpoena in the hands of the Marshal for service. The bill of the Marshal states that he attempted to serve on Mr. Hanson on

May 28, 29 and 30, and on June 1, but was unable to find Mr. Hanson on any of those dates.

"On the morning of June 1, 1970, plaintiff's counsel is informed that defendant called one of his attorneys at 9:00 a. m. and told him that he was in St. Louis and could not be in Kansas City for taking of the deposition but could be here on June 2, 1970. Plaintiff's counsel was called at the Probate Court at Independence (where he had a matter to present at 9:30 a. m.), but he told the reporter, and afterwards told defendant's counsel, that he could not take deposition on June 2nd for the reason he was to go to trial in a will contest action in the Circuit Court in Independence on June 2, 1970.

"For the foregoing reasons, defendant's deposition has not been taken in this case and cannot be taken within the time allowed for the completion of discovery. We think the whole record shows a contumacious attitude on the part of the defendant, which is borne out by his appearance at the first deposition in failing to consult his records before his deposition was taken and in justifying his inability to answer questions by stating that he would have to look at his records to get that information."

In the record made by counsel for plaintiff on the date of the abortive deposition, it is stated that the deposition is sought to be taken "pursuant to a notice which I had given Mr. Hanson's attorneys on May 21st, 1970, and, in which notice, I requested that they produce their client for the taking of his deposition." Counsel further states, "The original notice is now on file with the Court." The notice has been filed herein as of May 28, 1970, and the "return of service" thereon states that it was mailed on May 21, 1970, to Mr. Burdette E. Fullerton, 909 Hanover Building, Kansas City, Missouri, counsel for defendant.

Rule 37(d), F.R.Civ.P., presently provides as follows:

"(d) *Failure of Party to Attend or Serve Answers.* If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Under that rule, the answer and counterclaim of defendant should be stricken and default judgment entered against him for his wilful failure to appear at the deposition on June 1, 1970. Although his prior unsatisfactory answers to inquiries by counsel for plaintiff during the deposition of February 4, 1970, cannot be deemed to constitute wilful evasion because plaintiff's counsel neglected to issue a subpoena duces tecum for the documents respecting which he wished to inquire (see Harrison v. Prather (C.A.5) 404 F.2d 267, to the effect that a deposition notice cannot lawfully require the production of books and documents), defendant's wilful failure to attend the deposition of June 1, 1970, and his repeated defaults in complying with Local Rule 20 and the original and amended Standard Pretrial Order No. 1 herein, justify the entry of default judgment against him herein. As counsel for plaintiff notes, the notice of that deposition was served by mail on May 21, 1970, on defendant's counsel. Shortly thereafter, counsel for plaintiff orally conversed with counsel for defendant and it was agreed that the deposition should shortly be taken, in view of the fact that the time for discovery was running out. Service of notice on an attorney for a party is sufficient to make it incumbent upon that

party to appear for a deposition. Peitzman v. City of Illmo (C.A.8) 141 F.2d 956, cert. denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577, reh. denied 323 U.S. 813, 65 S.Ct. 112, 89 L.Ed. 647. The notice was given well in advance of the scheduled deposition. Defendant, further was under an unusual duty to expedite discovery as a result of his prior defaults under the original Standard Pretrial Order No. 1 (which prompted the court to admonish the parties to conduct future discovery efficiently in the subsequent order granting until June 9, 1970, to complete discovery). Therefore, the failure of defendant and his counsel either to appear at the deposition or to give counsel for plaintiff notice in advance of the deposition of his inability to attend amounts to a "wilful" evasion of the duty to make discovery without "substantial justification." It was incumbent on defendant or his attorneys either to give counsel for plaintiff some reasonable notice of their inability to attend the deposition or to seek a protective order vacating the notice to take a deposition at the time fixed in the notice. The failure to do either violates the duty to make discovery and constitutes a wilful failure without substantial justification under Rule 37(d) and warrants the entry of default judgment against him. (Amendments to the discovery rules effective July 1, 1970 are not considered herein.)

■ Further, defendant has compounded his failure to comply with the original Standard Pretrial Order No. 1, as noted above, by his subsequent failure to comply with the order of this Court of May 15, 1970, and the amended Standard Pretrial Order No. 1. In the order of May 15, 1970, this Court ordered that discovery be extended to and including June 9, 1970, and further ordered as follows:

"* * * that the other times for compliance with Standard Pretrial Order No. 1 be, and they are hereby, extended as follows: the time for filing respective lists of witnesses and exhibits to 5 days from and after June 9, 1970; the time for filing a stipulation of uncontroverted facts to 10 days from and after June 9, 1970; and the time for filing a Standard Pretrial Order No. 2 to 15 days from and after June 9, 1970. It is further

"ORDERED that the Clerk issue an amended Standard Pretrial Order No. 1 reflecting the above date and times."

Under that order, defendant is now in default for failing to file his list of witnesses and exhibits on June 14, 1970. (Although the Clerk inadvertently issued an erroneous Standard Pretrial Order No. 1 pursuant to the order of May 15, 1970, granting the parties 10 days from and after June 9, 1970, in which to file respective lists of witnesses and exhibits, defendant cannot rely upon this order because (1) the times for compliance with Local Rule 20 were clearly set out in the order of May 15, 1970, and it is clear therefrom that the amended Standard Pretrial Order No. 1 issued by the Clerk is erroneous, and (2) because defendant has not complied with the erroneously amended order by filing lists of witnesses and exhibits on or before June 19, 1970.)

■ By his wilful refusal either to testify on deposition or to file any list of witnesses and exhibits, defendant has made it impossible to ascertain whether the allegations of his answer and counterclaim have any factual merit. See Anno. 14 A.L.R.2d at 593; Peitzman v. City of Illmo, *supra.* Further, this Court has inherent power to enter a default judgment for failure to comply with its orders pursuant to its own rules. Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. McGranery (D.D.C.) 14 F.R.D. 44, modified on other grounds, Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Brownell, 96 U.S.App.D.C. 232, 225 F.2d 532, cert. denied 350 U.S. 937, 76 S.Ct. 302, 100 L.Ed. 818, reh. denied

350 U.S. 976, 76 S.Ct. 430, 100 L.Ed. 846. In addition to his repeatedly failing to comply with Local Rule 20 in spite of being ordered to do so by the Court, defendant has failed to respond to the motion to strike and for default judgment with a brief or other suggestions in opposition as required by Local Rule 10.

For the foregoing reasons, the answer and counterclaim should be stricken and default judgment entered against defendant. It is therefore

Ordered that defendant's amended answer and counterclaim be, and it is hereby, stricken. It is further

Adjudged that default judgment be, and it is hereby, entered for plaintiff and against defendant on the issue of, liability only. A hearing on the issue of damages will be held on further order of the Court.