**Henry S. KAHN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION, AND WELFARE, et al., Defendants.**

**Civ. A. No. 69–271.**

United States District Court, D. Massachusetts.

May 21, 1971.

See also, D.C., 302 F.Supp. 178.

William P. Homans, Jr., Boston, Mass., Rabinowitz, Boudin & Standard, Leonard B. Boudin, New York City, Allan R. Rosenberg, Boston, Mass., for plaintiff.

Mary Brennan, Asst. U. S. Atty., for defendants.

## MEMORANDUM

JULIAN, District Judge.

The plaintiff, Dr. Henry S. Kahn, brought this action against the Secretary of Health, Education, and Welfare, the Surgeon General, and the Secretary of the Army, pursuant to 42 U.S.C. § 1983, challenging the lawfulness of defendants' denying his application for a commission in the Public Health Service and seeking an order directing that he be granted such a commission. The case is considered on plaintiff's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, on plaintiff's motion for summary judgment, and on the defendant Secretary of the Army's motion to dismiss.

The complaint fails to state a claim upon which relief can be granted against the Secretary of the Army. Accordingly, the complaint is dismissed as to him.

## I.

### FAILURE TO COMPLY; EVIDENCE OF BAD FAITH

Plaintiff commenced this action in March, 1969, after he had received two letters from Mr. J. M. Dees, Chief, Employment Operations Branch, Commissions, Office of Personnel Training, Department of Health, Education, and Welfare, informing him that his application for a commission in the Public Health Service had been rejected because he did "not meet the standards for such appointment." Defendants' answer to the complaint contradicted the letters written to plaintiff by Mr. Dees by admitting that plaintiff had fully met the standards for appointment, claiming instead that the Secretary of Health, Education, and Welfare [1] was not re-

---

1. There is nothing in the record to indicate that the Secretary of Health, Education, and Welfare in any way personally participated in the decision not to appoint

quired to appoint all qualified candidates.

Plaintiff pursued discovery procedures, but defendants refused to answer questions dealing with the loyalty and security evaluation conducted in connection with the plaintiff's application. Defendants also refused to produce for plaintiff's inspection documents relevant to the security investigation on plaintiff's application, on the ground that the requested documents were "classified" and privileged from disclosure. This Court considered that argument carefully and on September 8, 1970, ordered defendants to produce all the documents sought by plaintiff for *in camera* inspection by the Court. On October 8, 1970, defendants produced some of the material plaintiff had requested, but refused to produce items numbered 3, 4, 5, and 6, which were requested in plaintiff's motion to produce, in direct disobedience of this Court's clear and explicit order.

■ It is therefore established that defendants failed to comply with this Court's discovery order, and, accordingly, defendants are subject to the sanctions enumerated in Rule 37(b) (2) of the Federal Rules, notwithstanding the fact that the defendants are agents of the Federal Government. See, *e. g.*, United States v. Procter & Gamble, 1958, 356 U.S. 677, 681, 78 S.Ct. 983, 2 L.Ed.2d 1077; Sperandeo for and on Behalf of N.L.R.B. v. Milk Drivers & Dairy Employees Local U. No. 537, 1964, 10 Cir., 334 F.2d 381, 384.

The Court has broad discretion to "make such orders in regard to the failure [to comply] as are just," Fed. R.Civ.P. 37(b) (2), and the Court may consider the full record in exercising its discretion. Diapulse Corp. of America v. Curtis Publishing Co., 1967, 2 Cir., 374 F.2d 442. I find that the record in this case indicates that defendants have in bad faith attempted to deprive plaintiff of a fair judicial determination of his claim.

■ Defendants explained their failure to produce for *in camera* inspection the documents listed in items 4–6 of plaintiff's motion to produce by asserting that these documents are classified and privileged from disclosure. Defendants are in effect saying that they are a law unto themselves, that their determination of what documents are classified is not subject to review by the Court. This contention was rejected by this Court in its September 8, 1970 Order for In Camera Inspection. Except in cases where a statute, regulation, or executive order specifically provides otherwise, it is for the Court and not for the governmental agency or officer to determine what documents are privileged. See United States v. Reynolds, 1953, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727; Sperandeo for and on Behalf of N.L.R.B. v. Milk Drivers & Dairy Employees Local U. No. 537, *supra*, 334 F.2d at 384; 4 Moore's Federal Practice, ¶¶ 26.61[7], 26.61 [6.–4], [7]. Defendants have cited no such statute, regulation, or executive order which is applicable to the material involved in this case, and the Court has found none.

One of the documents ordered produced, but which was withheld, was the "personnel file" of plaintiff (item 3 of the plaintiff's motion to produce). The defendants have asserted that there is no "official personnel file," because plaintiff was never hired by the Government. However, plaintiff actually sought and this Court ordered the production of the plaintiff's personnel file, without regard to whether or not it ever became "official." The deposition of Mr. Dees reveals (at 39, 47) that such a personnel file does exist. I conclude that defendants' excuse for not producing this docu-

plaintiff. All action on plaintiff's application was taken by subordinates of the Secretary, specifically the Surgeon General and his subordinates, who had charge of Public Health Service appointments.

ment is evasive and completely without merit.

A further inconsistency in defendants' position has been revealed by one of the documents which was disclosed. The plaintiff's "Appointment Progress Record" bears the notation "Reject Security 8/16/68." It is a reasonable inference from this document that plaintiff was rejected for unspecified security reasons, not because, as alleged in defendants' amended answer, there was a surplus of qualified candidates. Defendants have failed to produce for *in camera* inspection the documents which may or may not specify exactly why plaintiff was actually rejected.

■ In summary, more than two years after this litigation was begun, plaintiff has still been unable to discover the reasons he was disqualified, because of the intransigence of defendants, who have 1) given three different unsupported and inconsistent reasons for plaintiff's rejection, 2) refused to answer proper questions in deposition with reference to plaintiff's security investigation reports, and 3) refused even to allow this Court to determine *in camera* whether certain documents should be made available to plaintiff.

The Court finds that defendants have in this case deliberately followed a pattern of evasion intended to obstruct the judicial process and to deprive the plaintiff of a judicial determination of his claim.

## II.

### PREJUDICE TO PLAINTIFF

■■ The very essence of plaintiff's claim is that he was rejected for reasons that have no basis in fact or validity in law, and that the defendants have never given the plaintiff an opportunity to reply to any charges that may have been levelled against him. Since the plaintiff bears the burden of proof on his claim,

the documents that defendants have withheld are crucial to his case. Defendants' unjustified refusal to obey this Court's order renders illusory the plaintiff's right to petition for redress of grievances and would leave him without a remedy for unlawful disqualification for appointment on baseless loyalty or security grounds.

## III.

### SANCTIONS

■ In view of the bad faith demonstrated by defendants and the resulting prejudice to plaintiff, the imposition of some of the sanctions suggested by plaintiff is warranted. I decline to impose the most severe penalty—default—because of the warning of Federal Rule 55 (e). The following sanctions, however, are justified and appropriate and will be imposed:

A. It is ordered that the following facts [2] be taken as established against defendants:

1. Plaintiff is a qualified physician who on May 6, 1968, applied for appointment as a commissioned officer in the Reserve Corps of the Public Health Service, requesting that he be assigned to the Commissioned Officer Residency Program (CORD).

2. Plaintiff was, at the time his application was submitted, and still is, in all respects fully qualified for such appointment.

3. On August 16, 1968, plaintiff was advised that, subject to his approval and dependent upon his being found qualified for a commission in the Public Health Service, his application for the CORD program was being sponsored by the Epidemic Intelligence Service of the Public Health Service and that he would be serving the required two years active duty with the Epidemic Intelligence Service, commencing in July, 1970. On August 19,

---

2. The record contains ample evidence to support the facts taken to be established. In fact, the record supports no other reasonable inference.

1968, plaintiff advised the Assistant Chief of the Epidemic Intelligence Service of his acceptance.

4. On December 12, 1968, plaintiff was informed that it had been determined that he did not meet the standards for appointment. Although plaintiff made repeated efforts to ascertain from the Public Health Service the standards he had allegedly failed to meet, the Public Health Service arbitrarily refused to advise plaintiff of the grounds for the denial of his application.

5. Plaintiff was rejected not because he did not meet the standards for appointment, as claimed by the defendants, but solely on unsubstantiated grounds of security.

6. There was no basis in fact for the disqualification of plaintiff on grounds of security.

7. The security investigation conducted in connection with plaintiff's application revealed only that plaintiff had publicly asserted his opposition to the Vietnam War and that plaintiff had signed a petition calling for a memorial to Dr. W. E. B. Dubois, a negro scholar.[3]

B. It is ordered that defendants be prohibited from introducing evidence to rebut the facts taken to be established.

C. It is ordered that those portions of defendants' answer which deny the facts taken to be established be stricken from the answer. Fed.R.Civ.P. 37(b) (2).

### IV.

### SUMMARY JUDGMENT

■■ The two activities disclosed by the security investigation—plaintiff's public assertion of opposition to the Vietnam War and his advocacy of a memorial to Dr. Dubois—are clearly protected freedoms of speech and associa-

tion under the First Amendment. Public employment, though it may be denied altogether, may not be subjected to arbitrary or unlawful conditions, and the plaintiff's rights to freedom of speech and association may not be infringed by denying him the privilege of public employment because of his exercise of such rights. Keyishian v. Board of Regents, 1967, 385 U.S. 589, 605–606, 87 S.Ct. 675, 17 L.Ed.2d 629. *Cf.*, Torcaso v. Watkins, 1961, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982; Speiser v. Randall, 1958, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed.2d 1460.

■ Applicants for public employment are entitled to protection against arbitrary or discriminatory treatment by the Government, and they may not be disqualified for arbitrary or discriminatory reasons. Scott v. Macy, 1965, 121 U.S.App.D.C. 205, 349 F.2d 182, 184. *Cf.*, Torcaso v. Watkins, *supra.* "The fact that one may not have a legal right to get or keep a government post does not mean he can be adjudged ineligible illegally." Joint Anti-Fascist Refugee Committee v. McGrath, 1951, 341 U.S. 123, 185, 71 S.Ct. 624, 655, 95 L.Ed. 817 (Jackson, J., concurring). "While no person has an abstract 'right' to public employment, everyone has a right not to be barred or dismissed from such employment because of protected speech or association." Haskett v. Washington, 1968, D.D.C. (three-judge court), 294 F.Supp. 912, 918 (Wright, J., concurring). See also Shelton v. Tucker, 1960, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231; Wieman v. Updegraff, 1952, 344 U.S. 183, 192, 73 S.Ct. 215, 97 L.Ed. 216; Cafeteria and Restaurant Workers Union, Local 473, AFL–CIO v. McElroy, 1961, 367 U.S. 886, 898, 81 S.Ct. 1743, 6 L.Ed.2d 1230, and also in dissenting opinion at 900, 81 S.Ct. at 1751.

■ The plaintiff does have the right not to be disqualified from public

---

3. See affidavit of Camman Newbury, Administrative Assistant to United States Senator Edward W. Brooke.

employment solely because he exercised First Amendment rights. I find that the action of defendants in denying plaintiff a commission on grounds of security was arbitrary, capricious, and utterly without any basis in fact. Plaintiff is protected against such arbitrary treatment by the Government. Scott v. Macy, *supra,* and cases cited therein.

The Court finds and rules that there is no genuine issue as to any material fact. The plaintiff is entitled to judgment as a matter of law.

The plaintiff's motion for summary judgment is granted.

It is ordered that plaintiff's application for appointment to a Reserve Commission in the Public Health Service be reinstated immediately. It is further ordered that plaintiff's application be considered on the merits and that it be impartially and lawfully processed to a conclusion. It is further ordered that defendant Secretary of Health, Education, and Welfare and all persons subject to his direction or to whom he has delegated authority to act on plaintiff's application be and they are hereby enjoined from disqualifying the plaintiff for appointment on grounds of security.