CLYDE E. SKEEN, APPELLANT, v. VALLEY BANK OF NEVADA, RESPONDENT.

No. 6988

July 9, 1973                                    511 P.2d 1053

[Rehearing denied September 17, 1973]

*A. D. Demetras,* of Reno, for Appellant.

*McDonald, Carano, Wilson & Bergin* and *Gary A. Wood,* of Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

On September 8, 1971, the appellant guaranteed to the respondent bank a promissory note of $400,000.00 made by Reno Race Park, Inc. The note, which became due on December 8, 1971, carried an interest rate of nine percent (9%) and provided for reasonable attorneys' fees in the event of default or suit thereon. Default occurred, with neither interest nor principal having been paid.

On January 4, 1972, the respondent filed a complaint against the appellant to recover on the promissory note that had been guaranteed by him. The appellant's answer was filed on January 28, 1972. The respondent then submitted a request for admissions which were in turn answered. On March 17, 1972, the respondent filed a notice to take the appellant's deposition on April 3, 1972. The parties stipulated that the time for taking the deposition would be continued until April 17, 1972. The appellant did not appear on that date, nor was any excuse given for his absence. His attorney, who appeared at the designated time and place for the taking of the deposition, expressed surprise at the non-appearance of his client and indicated that he had received no communication from the appellant which would explain his absence. The reporter commissioned to take the deposition, issued a certification of non-appearance against the appellant.

Upon motion by the respondent, the trial court struck appellant's answer, entered its default and awarded judgment for the full amount of the note, plus interest and attorney fees, to the respondent. The appellant contends that the action of the trial court was an unduly harsh sanction and constituted

an abuse of discretion. He also seems to contend that a violation of due process occurred.[1]

The sanctions imposed in this case, are explicitly authorized under NRCP 37(d) and NRCP 37(b)(2)(C). NRCP 37(d) was amended effective September 27, 1971, to delete the requirement that the failure to appear was "willful." NRCP 37(d) as presently worded reflects the amendment to the Federal Rules of Civil Procedure, effective July 1, 1970.

Since the amendment of NRCP 37, sanctions are permissible without consideration of whether the unexcused failure to make discovery was willful.[2]

The imposition by the trial court of these sanctions is not unique and does not amount to an abuse of discretion. Bollard v. Volkswagen of America, Inc., 56 F.R.D. 569 (W.D.Mo. 1971); Marriot Homes, Inc. v. Hanson, 50 F.R.D. 396, (W.D.Mo. 1970); Schatz v. Devitte, 75 Nev. 124, 335 P.2d 783 (1959). See 4A Moore's Federal Practice § 37.05. Cf. Kahn v. Secretary of Health, Education, and Welfare, 53 F.R.D. 241 (D.Mass. 1971), and Conrad v. Sadur, 83 Nev. 39, 422 P.2d 236 (1967).

Default judgments will be upheld where the normal adversary process has been halted due to an unresponsive party, because diligent parties are entitled to be protected against interminable delay and uncertainty as to their legal rights. H. F. Livermore Corp. v. Aktiengesellschaft Gebruder L., 432 F.2d 689 (D.C.Cir. 1970).

---

[1]In Hovey v. Elliott, 167 U.S. 409 (1897), it was held that punishment of a defendant contemner by depriving him of a hearing on the merits is violative of the due process requirements of the Federal Constitution, but this holding was limited by Hammond Packing Co. v. Arkansas, 212 U.S. 322 (1909), "by holding that a court could properly strike an answer and enter default judgment under circumstances where a party fails to produce documents as ordered." Norman v. Young, 422 F.2d 470, 473 (10th Cir. 1970). See also, Anno., 14 A.L.R. 2d at 593.

[2]In Societe Internationale v. Rogers, 357 U.S. 197 (1958), the High Court held that a default judgment is a proper sanction if the failure to make discovery is due "to willfulness, bad faith or any fault" and not "due to inability," and concluded that willfulness was revelant only to the selection of sanction, if any, to be imposed. The new provisions of Fed.R.Civ.P. 37 were promulgated to bring the rule into harmony with the holding in *Rogers*. See also, Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (5th Cir. 1970).

Here the promissory note provided for reasonable attorney fees upon default or suit. NRCP 37 also permits an award of attorney fees. Upon the authority of Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 455 P.2d 31 (1969), and Campanelli v. Altamira, 86 Nev. 838, 477 P.2d 870 (1970), we affirm the district court's award of attorney fees.

The order and judgment of the district court is affirmed.

THOMPSON, C.J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.