Elaine OGLETREE

v.

**KEEBLER COMPANY, INC., Baker and Confectionary Workers International Union of America, Local # 42.**

Civ. A. No. C77–1514A.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 9, 1978.

Tony L. Axam, Atlanta, Ga., for plaintiff.

Edward Katze and Charles A. Edwards of Constangy, Brooks & Smith, Atlanta, Ga., for Keebler.

Patrick M. Scanlon and J. Michael Walls of Adair, Goldthwaite & Daniel, Atlanta, Ga., for Union.

## ORDER

EDENFIELD, District Judge.

This employment discrimination action is currently before the court on defendant Keebler Company's unopposed motion for sanctions pursuant to Rule 37(d), Fed.R. Civ.P., on the ground that on three separate occasions plaintiff's counsel has cancelled previously agreed upon dates for plaintiff's deposition. This occurred twice within two hours of the scheduled deposition.

By affidavit, defendant Keebler Company's counsel states that on October 7, 1977 he conferred with plaintiff's counsel and agreed that plaintiff would be deposed on October 28, 1977. At some point prior to the date of the deposition, defendant was notified that plaintiff had sustained an injury and would be unable to appear on the set date.

On November 10, 1977, defendant's counsel wrote plaintiff's counsel requesting a

deposition date. Plaintiff's attorney responded that December 1, 1977 was the earliest possible date. Defendants then noticed the deposition for December 1 at 2:00 P.M. At noon on that date, plaintiff's counsel called defendant's attorney to request a postponement due to a scheduling conflict. The deposition was therefore rescheduled for December 9, 1977 at 2:00 P.M. On that date, one hour before the deposition was to begin, plaintiff's attorney's secretary notified defendant's counsel that plaintiff's attorney was in court in Albany, Georgia and could not be present for the deposition.

Since this deposition has been cancelled three times, twice within two hours of its designated commencement, defendant claims that it has been required to forego other commitments and to prepare three times for the deposition. It seeks its out-of-pocket expenses, in the form of attorney's fees and unnecessary mileage costs, as a result of these cancellations. Defendant also requests that the court set a time, date, and place for plaintiff's deposition and order her to appear then.[1]

Pursuant to Rule 37(d), Fed.R.Civ.P., the court may order

> the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In the instant action, the court concludes that defendant was not given reasonable notice of the latter two deposition cancellations, inasmuch as the postponements were sought within two hours of the scheduled deposition.[2] It is therefore entitled to recover its expenses in connection with those attempts. The court notes that the rule provides for assessment of expenses against the attorney advising the party as well as against the party who fails to act. Since in the instant action the last two cancellations appear to be the fault of plaintiff's attorney, and not of the plaintiff, the court directs that he reimburse defendant Keebler Company for its expenses in connection with those postponed depositions. The court finds that any expenses associated with the deposition scheduled for October 28, 1977 should be borne by the defendant since injury to the plaintiff caused the postponement and reasonable notice of the change appears to have been given. Accordingly, defendant Keebler Company's request for expenses is granted, and defendant is directed to submit within ten (10) days an affidavit setting forth the expenses associated with the latter two deposition cancellations.

Turning to defendant's second request, rather than selecting a time, date and place which might please none of the parties, the court directs that the plaintiff appear for a deposition at a time, date, and place designated by defendant Keebler Company.

In sum, defendant's request for expenses is hereby granted, and defendant Keebler Company is directed to submit an affidavit within ten (10) days detailing the expenses associated with the last two cancellations of the deposition. Plaintiff is directed to appear for a deposition at a time, date, and place selected by the defendant Keebler Company. The clerk is directed to resubmit this action in ten (10) days.

So ordered, this 8th day of March, 1978.

---

1. Defendant's counsel has not filed a certificate of his attempt to resolve this matter with opposing counsel. Local Rule 91.62. However, the court finds sufficient instances of defendant's counsel's good faith effort to set a deposition date to satisfy the purposes of the rule. Further, this problem could continue indefinitely if defendant were required to attempt to resolve the matter by setting up a further date for a deposition.

2. *See generally Marriott Homes, Inc., v. Hanson,* 50 F.R.D. 396 (W.D.Mo.1970).