TEMORA TRADING COMPANY, LTD., a Purported Trust, Appellant, v. WALLACE PERRY, as Trustee of the Estate of Boyd James O'Donnell and Joan O'Donnell, Bankrupts, Respondent.

No. 13531

May 27, 1982                           645 P.2d 436

[Rehearing denied November 22, 1982]

*Wilson, Wilson and Barrows, Ltd.,* Elko; *Terry & Winter,* Carson City; and *Moneymaker & Morrison,* Los Angeles, California, for Appellant.

*Goicoechea, DiGrazia & Marvel,* Elko; *Russell Piccoli,* Phoenix, Arizona, for Respondent.

## OPINION

*Per Curiam:*

Respondent Wallace Perry, as Trustee of the Estate of Boyd James O'Donnell and Joan O'Donnell, Bankrupts, commenced this action in the district court to quiet title to certain property located in Elko County.

The district judge, after finding that appellant-defendant Temora Trading Company, Ltd. had willfully failed to comply with the court's discovery orders, struck Temora's answer. NRCP 37(b). Summary judgment was entered in favor of the Trustee. This appeal followed.

### THE FACTS

O'Donnell filed for bankruptcy in Arizona. Respondent Perry was named trustee in the bankruptcy proceedings. Although O'Donnell was adjudicated bankrupt, he was denied a bankruptcy discharge. Just prior to filing his petition for bankruptcy, O'Donnell transferred valuable real estate holdings to a James Gleason, who allegedly transferred the property to Temora.

Discovery was protracted and bitterly fought. Eventually, Perry noticed the depositions of three of Temora's officers in the Bahamas. At the time set for their depositions their local attorney appeared and stated that they would not be deposed without an order from a Bahamian court. Perry obtained an order from the district court in Elko compelling Temora to produce its officers. The order was served on Temora's counsel in Elko. The officers still refused to comply.

Thereafter, the district court struck Temora's answer and entered a default judgment against Temora. Temora argues that the district court abused its discretion by granting a default judgment as a sanction for failure to honor the court's orders. Temora also suggests that Perry's complaint fails to state a cause of action because it appears on the face of the complaint that the cause is barred by the statute of limitations. We reject Temora's contentions and we affirm the default judgment.

## THE DEFAULT JUDGMENT

NRCP 37(b) empowers the district court with a broad range of sanctions that may be invoked when parties fail to comply with discovery orders. The court may strike all or part of a party's pleadings, and enter a default judgment.

The sanction of dismissal or default may be imposed only in cases of willful noncompliance of the court's orders. Finkelman v. Clover Jewelers Boulevard, Inc., 91 Nev. 146, 532 P.2d 608 (1975). The district judge in the instant case found that Temora's failure to comply was willful. That finding is supported by substantial evidence, including Temora's history of obstructing discovery, as well as the failure of Temora's officers to appear for their depositions.[1]

In Skeen v. Valley Bank of Nevada, 89 Nev. 301, 511 P.2d 1053 (1973), this court held:

> Default judgments will be upheld where the normal adversary process has been halted due to an unresponsive party, because diligent parties are entitled to be protected against interminable delay and uncertainty as to their legal rights. 89 Nev. at 303; 511 P.2d at 1054.

## THE STATUTE OF LIMITATIONS

Temora argues that even if the district court did not err in striking its answer, it was error to grant a default judgment. Temora's contention is that Perry's complaint failed to state a cause of action because it did not plead facts showing that the statute of limitations was tolled. *See* Kellar v. Snowden, 87

---

[1]Temora was not responsive to certain interrogatories. In response to interrogatories 8 and 9, counsel for Temora, Mr. Moneymaker, stated that "James Gleason—address unknown" formed Temora and contributed all its property. The Nassau attorney who formed Temora, Mr. Ralph Seligman, in his deposition testified to the contrary:

> MR. MONEYMAKER: All right. Now I take it—has Mr. Gleason or Temora Trading Company waived the attorney-client privilege of confidentiality imposed upon you under Bahamian law?
> THE WITNESS: There is no attorney-client privilege between myself and Temora. As far as Mr. Gleason is concerned, I am satisfied the gentleman does not exist.
> MR. MONEYMAKER: All right. I take it, what you are telling me is that James Gleason, to your knowledge, has not waived the privilege?
> THE WITNESS: Mr. James Gleason, to my knowledge, does not exist, and therefore there is no privilege to waive.
> MR. MONEYMAKER: I take it—
> THE WITNESS: I am satisfied that I was duped as an instrument of fraud, and this is the reason I have sworn my affidavit.

Nev. 488, 489 P.2d 90 (1971); Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966).

However, Perry alleged in his complaint that Gleason was a fictitious person. When the answer was stricken, all of Perry's allegations were taken as true. A transfer of property to a fictitious person is a complete nullity, transferring no title. An action to avoid such a transfer is not subject to the statute of limitations. Gayle v. Jones, 63 F.Supp. 481 (W.D.La. 1945); Houghton v. Houghton, 116 So. 493 (La. 1928).

### RES JUDICATA

Finally, Temora suggests that Perry's complaint is barred by the doctrines of res judicata and collateral estoppel. These were affirmative defenses included in Temora's answer. The defenses were stricken with the answer.

The judgment is affirmed.