**In the Matter of Leonard Joseph JOHNSON and Paula Jeanette Johnson, Debtors.**

**MOTOR CITY JEWELRY AND FURNITURE CO., a Michigan corporation, Plaintiff,**

v.

**Leonard Joseph JOHNSON and Paula Jeanette Johnson, Defendants.**

**Bankruptcy No. 81–03574–G.**
**Adv. No. 82–2145.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Jan. 21, 1983.

Edward Grebs, Detroit, Mich., for plaintiff.

George L. Shillaire, III, Ferndale, Mich., for defendants.

MEMORANDUM OPINION

RAY REYNOLDS GRAVES, Bankruptcy Judge.

In this Adversary Proceeding the Court granted the Plaintiff's motion to strike out Defendant's answer and entered judgments against Defendant pursuant to Rule 737(d) of the Rules of Bankruptcy Procedure and

its parent authority Rule 37(d) of the Federal Rules of Civil Procedure. The Defendant's unexplained and inexcusable failure to cooperate with the Court's discovery program require the action taken. The purposes and goals of the United States Bankruptcy Code cannot be met if counsel do not afford the adverse party prompt, full, and complete discovery as required by the Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

The Defendants/Debtors have enjoyed the protection of the Court pursuant to Chapter 7 of the Bankruptcy Code. This Adversary Proceeding brought by Plaintiff Motor City Jewelry and Furniture Company is an action for an order of reclamation. The Plaintiff claims that the Defendants entered into two separate retail installment contracts and security agreements. The first agreement of May 19, 1980, was for the purchase of a stereo, three tables, sofa, and love seat for a total purchase price of $2,747.00. The second agreement, December 19, 1980, was for the purchase of jewelry, with a total purchase price of $938.00. Plaintiff's complaint avers that the Defendants have not paid for the merchandise purchased under these contracts. Motor City Jewelry and Furniture Company claims that a balance is owing on the first contract of $1,959.98 for merchandise worth $1,962.00; the balance on the second contract, the jewelry, is $425.32 with the value of the merchandise alleged to be $1,092.50.

Plaintiff's complaint was filed with this Court on September 29, 1982. Service of the summons and complaint was made, by mail, on the same date. Defendant's answer was due on or before October 29, 1982. Defendant's answer was timely filed on October 20, 1982.

Counsel for both parties were served with a Notice of Preliminary Hearing in adversary proceeding and Notice of pre-trial conference, setting the preliminary hearing and pre-trial conference before this Court on October 26, 1982, at 3:00 PM. The pre-trial conference notice advised counsel that discovery would conclude 30 days from the conclusion of the pre-trial conference and that trial would commence on the plaintiff's complaint and Defendant's answer on February 4, 1983, at 10:00 AM, with the presentation of the case, proofs, and arguments limited to one hour. The Pre-Trial Conference Notice establishes the discovery deadlines and sets the trial date in order to effectuate the command of Rule 903 of the Rules of Bankruptcy Procedure:

> These rules shall be construed to secure the expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy.

Rules of Bankruptcy Procedure 903.

Neither counsel objected to the established dates, deadlines, or limits at the pretrial conference on October 26, 1982. Counsel were afforded the opportunity to request any extension of any deadline set in the pre-trial conference notice. No extensions were requested. None were granted. The discovery deadline and the trial date became the order of the Court. Accordingly, discovery closed in this case on November 26, 1982.

On December 9, 1982, Plaintiff's counsel served on the Defendant's counsel a Motion to strike out Defendant's answer and for judgment against Defendants. Defendant's counsel also received a Notice of hearing setting January 13, 1983, at 10:30 AM as the date and time for oral argument on the motion. The Plaintiff's Motion asked the Court to strike the Defendant's answer and enter judgment for Plaintiff for the Defendant's failure to answer interrogatories served on the Defendant on November 3, 1982. While the interrogatories are not present in the adversary proceeding file, the sworn affidavit of Plaintiff's counsel establishes that the interrogatories requested information concerning the issues raised in Defendant's answer to the complaint for reclamation. The answer admitted that Defendants had purchased the merchandise and jewelry but included the Defendant's averment that the furniture had been destroyed in a fire and the jewelry was no longer in the possession of the Defendants. Counsel for Plaintiff wisely

sought information concerning insurance coverage on the furniture and any payment made by an insurance company to the Defendants to cover the loss of the furniture. The interrogatories also requested information concerning the disposition of the jewelry, whether or not Defendants sold same, and, if the jewelry was sold, the party who purchased it and the amount of money paid for this purchase.

The information requested in these interrogatories is relevant to the issues to be litigated at the time of trial; moreover, Defendants failed to answer or object to the interrogatories. Defendant filed no response to the Motion to strike answer and enter judgment for Plaintiff.

During oral argument on January 13, 1983, counsel for Defendant acknowledged that he did not answer or object to the interrogatories, nor did he file an answer to Plaintiff's motion. Counsel for Defendant stated that: (1) answering the interrogatories was difficult because he had lost contact with his client; (2) there were no issues to be tried since the furniture had been destroyed in a fire; (3) the jewelry was no longer in Defendant's possession. Counsel for both parties acknowledged that the trial date of February 4, 1983, had previously been set by the Court.

Plaintiff's counsel stated that he could not be prepared for trial on February 4 without the answers to the interrogatories which had been timely filed but not answered within the discovery period.

■ This Court has the discretionary authority, in viewing Plaintiff's motion, to strike the answer of a party defendant for said parties refusal to comply with discovery rules. *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni,* (CA1, 1980) 628 F.2d 652; *Ogletree v. Keebler Company, Inc.,* (N.D.Ga., 1978) 78 F.R.D. 661.

The regulation of orderly and prompt discovery cannot be achieved unless the Court imposes sanctions for discovery abuse or noncompliance. Adversary proceedings in bankruptcy litigation, while governed by the Federal Rules of Civil Procedure, are also subject to this Court's special mission to provide prompt resolution of disputes between debtors and creditors. Where the Court confronts delay in discovery or noncompliance with a reasonably scheduled discovery program, the Court must act to protect the rights of the party aggrieved by noncompliance. This action may take the form of additional orders compelling discovery, or in the appropriate case, eliminating useless, time consuming, and wasteful tactics, the sole function of which is to create additional costs, expense, and delay to the detriment of all parties. Bankruptcy Courts must take an active role in guiding, controlling, limiting, and promoting prompt discovery in order to move adversary proceedings toward the earliest possible trial date. This goal must also take account of the reasonableness of a request for extension, adjournment, or continuance. In weighing and evaluating the responsibility to give all parties the opportunity to develop a case for trial, a bankruptcy judge must be aware of the special needs of bankruptcy litigation and insist on prompt compliance with discovery rules in order to promote expeditious disposition of cases. In this uncomplicated adversary proceeding, simple facts were sought and the Defendant had the unburdensome task to answer the interrogatories. The unexplained failure to cooperate in the Court's discovery program invites the Court's imposition of the sanctions granted here pursuant to Rule 737(d) of the Rules of Bankruptcy Procedure.

The Plaintiff may enter an Order of judgment consistent with this opinion.