BEVERLY ENTERPRISES, APPELLANT, v. GLOBE LAND CORPORATION, RESPONDENT.

No. 7350

October 10, 1974                    526 P.2d 1179

*Dickerson, Miles & Pico,* of Las Vegas, for Appellant.

*Jones, Jones, Close, Bilbray, Kaufman & Olsen, Ltd.,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Globe Land Corporation, acting primarily through its president, Fischer, negotiated an agreement whereby Beverly Enterprises agreed to buy, upon completion, a 200-bed convalescent hospital in Las Vegas. The contract required, in part, that construction plans and specifications were subject to Beverly's approval which, by the contract's terms, was not to be unreasonably withheld. After attempting unsuccessfully to secure Beverly's approval of plans and specifications, Globe commenced this action, alleging breach by Beverly of its duty of performance. The district court, following a trial and the entry of findings of fact and conclusions of law, awarded Globe judgment against Beverly for $66,054, plus interest, costs of suit, and $3,500 attorneys' fees. This appeal follows.

As error, Beverly urges that the trial court should have resolved certain factual issues against Globe rather than in its

favor; however, after review of the record, we are satisfied the trial court's factual determinations are not contrary to the record. "It is the prerogative of the trier of facts to evaluate the credibility of witnesses and determine the weight of their testimony, and it is not within the province of the appellate court to instruct the trier of fact that certain witnesses or testimony must be believed." Douglas Spencer v. Las Vegas Sun, 84 Nev. 279, 282, 439 P.2d 473, 475 (1968). Where a question of fact has been determined by the trial court, this court will not reverse unless the judgment is clearly erroneous and not based on substantial evidence. NRCP 52(a); Kockos v. Bank of Nevada, 90 Nev. 140, 520 P.2d 1359 (1974); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973).

Affirmed.