TYRONE HAVAS, d/b/a COURTESY MOTORS, Appel-
lant, v. BANK OF NEVADA, a Nevada Banking Cor-
poration; ROGER BAKER; GRANT MENDENHALL;
ROBERT OWENS; RALPH LAMB, Sheriff of Clark
County, State of Nevada; and ROBERT ORR,
Respondents.

No. 10988

July 2, 1980

613 P.2d 706

*Bilbray, Carelli & Miller,* Las Vegas, for Appellant.

*Smith, O'Brien & Avila,* Las Vegas, and *Johnson & Pilking-
ton,* Las Vegas, for Respondents Bank of Nevada, Roger
Baker, Grant Mendenhall and Robert Owens.

*Cromer, Barker & Michaelson, Mike Mansfield* and *Corby
D. Arnold,* Las Vegas, for Respondents Ralph Lamb and Rob-
ert Orr.

## OPINION

By the Court, MANOUKIAN, J.:

This is an appeal from an order striking plaintiff-appellant's complaint and rendering judgment in favor of respondents, and striking appellant's reply to respondent Bank of Nevada's counterclaim and granting judgment by default in favor of respondents. We are asked to decide whether the trial court erred in granting respondent Bank's motion to strike appellant's complaint, and whether the trial court erred in granting respondents deputies' motion to join respondent Bank's motion to strike. We resolve both questions in favor of respondents.

The instant action was instituted by appellant alleging that several defendant-respondents were liable in damages for the unlawful levy, seizure and conversion of several automobiles from appellant-dealer's car lot. On April 17, 1974, respondent Bank and several of its employees, Baker, Mendenhall and Owens, who are named respondents herein, along with respondent sheriff of Clark County, Deputy Orr, and several unnamed deputy defendants, executed a writ of possession against appellant. Appellant's complaint alleged that respondents were entitled to execute a writ of possession according to an action previously filed by Bank of Nevada.[1] Appellant alleged, however, that the execution exceeded the scope of the writ of possession and that respondents improperly seized several additional vehicles from appellant's automobile lot. Clark County and the individual deputies filed their answers by June 7 and respondent Bank of Nevada and its indivdual employees

---

[1]The complaint stated in relevant part that on April 16, 1974, the district court in action number 123437, entitled Bank of Nevada, Plaintiff, v. Tyrone Havas, dba Courtesy Motors, Defendant, issued a "writ of possession" directed to Ralph Lamb, Sheriff of Clark County, directing said sheriff to seize from defendant Havas 25 specifically described vehicles.

timely answered the complaint on June 11, 1976. Respondent Bank of Nevada also counter-claimed based on a dealer agreement it had with appellant. Appellant thereafter replied to the counterclaim.

Interrogatories propounded to appellant from respondent deputies on July 27, were answered by appellant on November 5, 1976. On February 18, 1977, respondent Bank propounded interrogatories to appellant. By October 7, 1977, appellant had failed to respond to these interrogatories and respondent Bank brought a motion to strike appellant's complaint and appellant's reply to the counterclaim. The motion was to be heard on October 18; however, on October 17 appellant answered the interrogatories by respondent Bank and included several objections to interrogatories. On October 19, visiting District Judge Merlyn Hoyt denied the Bank's motion to strike and entered an order directing appellants to answer all forty-three interrogatories fully and in good faith within fifteen days. Additionally, appellants objections were overruled and attorneys fees were granted to respondent Bank.

On March 1, 1978, appellant filed a Notice for Trial Docket attempting to set the case for trial. By April 26, 1978, however, appellant had not made an additional response to the interrogatories as required by the order of October 19, 1977. Consequently, respondent Bank filed a new motion to strike appellant's complaint and appellant's reply to the counterclaim. Respondent sheriff and deputies immediately moved to join respondent Bank's motion.

. On May 8, 1978, appellant filed affidavits in opposition to the motion claiming he had complied with Judge Hoyt's order either by providing the answers to interrogatories or stating that respondent Bank already had the answers to other interrogatories. On May 10, 1978, Judge Christensen granted respondent Bank's motion to strike the complaint and reply to the counterclaim. The court also granted respondent sheriff's motion to join the motion by respondent Bank. The court stated that the motion was granted, "it appearing to the Court the above named plaintiff was ordered by this Court to answer fully and completely in good faith the forty-three interrogatories served upon him and that the plaintiff has wilfully failed and refused to comply with this order; and good cause appearing therefor . . . ." This appeal followed.

1.   *The Order to Strike.*

Under NRCP 37(d), a court may strike a pleading of a party

for his failure to answer interrogatories. The standard upon review of such an action is whether the trial court abused its discretion. Kelly Broadcasting Co. v. Sovereign Broadcast, Inc., 96 Nev. 188, 192, 606 P.2d 1089, 1092 (1980). Nevertheless, under this standard, we must be mindful of the underlying rights of a party to due process and a trial by jury, as well as the judicial policy favoring the disposition of cases on their merits. Societe Internationale v. Rogers, 357 U.S. 197, 209 (1958); Affanato v. Merrill Bros., 547 F.2d 138, 140 (1st Cir. 1977). *See* Kelly Broadcasting Co. v. Sovereign Broadcast, Inc., 96 Nev. at 194–97, 606 P.2d at 1093–95 (MANOUKIAN, J., dissenting in part).

In the present case, as in *Kelly,* the basis for the imposition of sanctions was appellant's failure to complete discovery as ordered. An affidavit of counsel for appellant suggested that his client had no further knowledge than what he had already provided except with regard to certain interrogatories, the answers of which respondent Bank was already in possession. Additionally, appellant claimed that the order by Judge Hoyt was not specific as to which interrogatories needed to be answered fully. But we note that appellant's previous answers to a number of the interrogatories clearly provided only general information in response to questions calling for specific answers and appellant's objections to the interrogatories were overruled. For instance, appellant was asked to state the facts tending to demonstrate a right to a setoff on the counterclaim. Appellant objected to the question and then only said that facts would be presented at trial. Concerning other questions, appellant referred respondent Bank to depositions of other respondents taken in the separate proceeding[2] instituted by respondent Bank and referred to "all answers previously given and incorporated herein."

It is clear here that the subsequent failure to answer was willful, as the trial court found, and not due to any inability on appellant's part. *Cf.* Societe Internationale v. Rogers, 357 U.S. at 212 (petitioner *unable* to comply). Although the trial court made no finding of "flagrant bad faith", *see* National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) *(per curiam);* Riverside Casino v. J. W. Brewer Co., 80 Nev. 153, 156–57, 390 P.2d 232, 234 (1964), in essence, the court did characterize appellant's evasiveness and non-responsiveness as falling short of "good faith." The fact that appellant had filed a Note for Trial Docket, indicating his desire to go to trial does not support his position as he contributed substantially to respondent Bank's inability to prepare adequately

---

[2] *See* note 1 *supra.*

for trial. Appellant willfully and persistently evaded much of respondent's efforts under our rules of discovery. An incomplete or evasive answer is viewed as a failure to respond. NRCP 37(a)(3).[3] We do not find an abuse of discretion.

   2.   *The Order Allowing Government Respondents to Join the Motion to Strike.*

It is clear to us that appellant's failure to answer interrogatories by respondent Bank only indirectly affected the other respondents.[4] Nevertheless, because the liability, if any, of the sheriff and his deputies is derivative, reason and fairness dictate that the latter not be exposed to liability where it is shown that the party precipitating the execution of the writ of possession, here respondent Bank, is no longer vulnerable to liability or damages. *Compare* Fireman's Fund Ins. v. Shawcross, 84 Nev. 448, 452, 442 P.2d 907, 911 (1968) (sheriff not held to higher standard of care than attaching plaintiff).

The order striking appellant's complaint and reply to counterclaim is affirmed as to all respondents.

THOMPSON, GUNDERSON, and BATJER, JJ., and BEKO, D. J.,[5] concur.

---

[3]Appellant cannot rely upon an *ex parte* conversation with the first trial judge to avoid a clear duty imposed by the order and an unambiguous record. If the order to answer was not clear, appellant could have requested a clarification on the record.

[4]It is noteworthy that appellant had previously answered interrogatories propounded by the other respondents. Under NRCP 37(d), sanctions may be granted only when a party fails "to serve answers or objections to interrogatories submitted under Rule 33 . . . ." Rule 33 states that *"[t]he party submitting the interrogatories* may move for an order under Rule 37(a) [order to compel discovery] with respect to any objections to or other failure to answer an interrogatory." NRCP 33(a). Notwithstanding the fact that the apparent intent of the rules was to protect affected parties, we believe this result to be consistent with fundamental fairness.

[5]Governor Robert List designated Hon. William Beko, District Judge, to sit in this case in place of HON. JOHN C. MOWBRAY, Chief Justice, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.