RICHARD RONALD HAMLETT, APPELLANT, v. MARY FRANCES REYNOLDS, RESPONDENT.

No. 29060

September 1, 1998 963 P.2d 457

[Rehearing denied February 26, 1999]

*David K. Winter*, Las Vegas, for Appellant.

*Dowling, Myers & Helm,* Las Vegas, for Respondent.

---

## OPINION

*Per Curiam:*

Richard Hamlett and Mary Reynolds were married in 1984. In September of 1994, Reynolds filed a complaint for divorce seeking damages from Hamlett in excess of $2,000,000.00. The damages arose from a loan transaction and a stock purchase agreement.

Despite orders from both the discovery commissioner and the district court, as well as the imposition of monetary sanctions, Hamlett consistently refused to comply with Reynolds' discovery requests. More specifically, in response to Reynolds' requests for particular indexed documents, Hamlett often produced a mass of seemingly irrelevant and unidentified documents. Finally, in January of 1996, following a year of futile attempts to force Hamlett into compliance, the district court struck Hamlett's

answer and entered a default against him as a sanction for his continued failure to comply with discovery orders.

Prior to conducting a prove-up hearing to determine damages, the district court ratified the parties' stipulation regarding Hamlett's participation in the prove-up. The stipulation provided that at the prove-up hearing on the default, Hamlett's counsel would be permitted to cross-examine Reynolds' witnesses but not present evidence. Prior to the prove-up hearing, Reynolds filed a pretrial memorandum in which she sought leave to amend her complaint to conform to the evidence she planned to present at the prove-up hearing.

The district court held the prove-up hearing in May of 1996, after which it allowed Reynolds to amend her complaint to conform with the evidence presented, awarded Reynolds $2,467,624.32 for repayment of the loan and granted Reynolds a decree of divorce. Hamlett filed this timely appeal.

On appeal, Hamlett first argues that the district court abused its discretion in striking his answer and entering default against him as a sanction for his failure to comply with discovery orders.

Where district courts have the authority to impose discovery sanctions, this court will not reverse sanctions absent a clear showing of abuse of discretion. Young v. Johnny Ribeiro Building, 106 Nev. 88, 92, 787 P.2d 777, 779 (1990); *see* NRCP 37(b) (providing that district courts may make any orders "as are just" for a party's failure to comply with discovery orders). Where the sanction imposed is dismissal with prejudice, however, a somewhat heightened standard of review applies. *Young,* 106 Nev. at 92, 787 P.2d at 779.

This court has stated that it will uphold default judgments where "the normal adversary process has been halted due to an unresponsive party, because diligent parties are entitled to be protected against interminable delay and uncertainty as to their legal rights." Skeen v. Valley Bank of Nevada, 89 Nev. 301, 303, 511 P.2d 1053, 1054 (1973).

After reviewing the record, we conclude that striking Hamlett's answer and entering default against him was an appropriate response by the district court to Hamlett's continued failure to sufficiently comply with discovery orders. The record indicates that the discovery commissioner and the district court gave Hamlett clear directives and several opportunities to comply with discovery orders. Our review of the record indicates that Hamlett's constant failure to follow those orders was unexplained and unwarranted. Therefore, we conclude that the district court did not abuse its discretion by striking Hamlett's answer and entering default against him.

Hamlett next argues that the district court erred in allowing Reynolds to amend her complaint to conform to the evidence presented at the prove-up hearing, in violation of NRCP 54(c).[1] In Kelly Broadcasting v. Sovereign Broadcasting, 96 Nev. 188, 193, 606 P.2d 1089, 1092 (1980), this court noted that a party ordinarily is not entitled to amend a complaint once default judgment has been entered. This court held, however, that when default has been entered due to a party's failure to comply with court orders and there has been some evidence presented to support the proposed amendment, a district court may, at its discretion, grant a party leave to amend. *Id.*

Here, as in *Kelly Broadcasting,* Hamlett failed to abide by court orders demanding that he produce adequate discovery materials. Furthermore, at the prove-up hearing, the district court found that Reynolds had adequately supported her claim for over $2,000,000.00 in damages from Hamlett. Accordingly, we conclude that the district court did not err in permitting Reynolds to amend her complaint to conform to the evidence presented at prove-up.

In his final assignment of error, Hamlett argues that the district court abused its discretion by restricting his participation to cross-examination of Reynolds' witnesses.

NRCP 55(b)(2), regarding default procedures, provides that if "it is necessary . . . to determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper." NRCP 55(b)(2) does not mandate that the defaulted party be given the opportunity to participate in a prove-up hearing.

This court has not had occasion to consider the degree to which a defaulted party should participate in a default prove-up hearing. The language of NRCP 55(b)(2) that the "court may conduct such hearings or order such references as it deems necessary and proper" suggests to us an intent to give trial courts broad discretion in determining how prove-up hearings should be conducted. Thus, we conclude that the extent to which a defaulting party will

---

[1]NRCP 54(c) provides:

> (c) **Demand for Judgment.** A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment, except that where the prayer is for damages in excess of $10,000 the judgment shall be in such amount as the court shall determine. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

participate in prove-up is a decision properly delegated to the trial courts. The trial courts should make this determination on a case-by-case basis and not according to static rules implemented by this court.

In deciding the extent to which a defaulted party will be permitted to participate in prove-up, if at all, trial courts should remember that the purpose of conducting a hearing after default, according to NRCP 55(b)(2), is to determine the amount of damages and establish the truth of any averment. To that end, trial courts should determine the extent to which full participation by the defaulted party will facilitate the truth-seeking process. This court will not reverse the district court's decision as to participation, absent a clear abuse of the discretion granted it by NRCP 55(b)(2).

Here, the district court allowed Hamlett's attorney to cross examine Reynolds' witnesses but did not allow Hamlett to present his own evidence. We conclude that the district court acted well within its discretion in so limiting Hamlett's participation. Allowing Hamlett to introduce evidence, which he consistently refused to produce during discovery, would have been inequitable.

Having reached the foregoing conclusions, we affirm the district court's order entering default judgment against Hamlett and granting Reynolds $2,467,624.32 in damages.