TERESA BAHENA, Individually and as Special Administrator for EVERTINA M. TRUJILLO TAPIA, Deceased; MARIANA BAHENA, Individually; MERCEDES BAHENA, Individually; MARIA ROCIO PERREYA, Individually; MARIA LOURDES BAHENA-MEZA, Individually; MARICELA BAHENA, Individually; ERNESTO TORRES and LEONOR TORRES, Individually, and LEONOR TORRES, as Special Administrator for ANDRES TORRES, Deceased; LEONOR TORRES for ARMANDO TORRES and CRYSTAL TORRES, Minors, Represented as Their Guardian ad Litem; VICTORIA CAMPE, as Special Administrator of FRANK ENRIQUEZ, Deceased; PATRICIA JAYNE MENDEZ, for JOSEPH ENRIQUEZ, JEREMY ENRIQUEZ, and JAMIE ENRIQUEZ, Minors, Represented as Their Guardian ad Litem; and MARIA ARRIAGA for KOJI ARRIAGA, Represented as His Guardian ad Litem, Appellants/Cross-Respondents, v. GOODYEAR TIRE & RUBBER COMPANY, Respondent/Cross-Appellant.

No. 49207

July 1, 2010                                 235 P.3d 592

[Rehearing denied December 30, 2010]

*Albert D. Massi, Ltd.*, and *Albert D. Massi*, Las Vegas, for Appellants/Cross-Respondents Arriagas, Campe, Mendez, and Torres.

*Callister & Reynolds* and *Matthew Q. Callister* and *R. Duane Frizell*, Las Vegas, for Appellants/Cross-Respondents Bahena, Bahena-Meza, and Perreya.

*Lewis & Roca, LLP*, and *Daniel F. Polsenberg* and *Joel D. Henriod*, Las Vegas, for Respondent/Cross-Appellant Goodyear Tire & Rubber Company.

# OPINION

By the Court, GIBBONS, J.:

In this appeal we consider whether the district court abused its discretion when it struck a defendant's answer, as to liability only, as a discovery sanction pursuant to NRCP 37(b)(2)(C) and

NRCP 37(d). We conclude that the district court did not abuse its discretion by imposing non-case concluding sanctions and by not holding a full evidentiary hearing. We further conclude that the district court exercised its inherent equitable power and properly applied the factors set forth in *Young v. Johnny Ribeiro Building*, 106 Nev. 88, 92-93, 787 P.2d 777, 780 (1990). We therefore affirm the judgment of the district court.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a single-vehicle, multiple rollover accident sustained by the appellants/cross-respondents (collectively, Bahena) that occurred when the left rear Goodyear tire separated from the vehicle.

The appellants were family members and friends. Three people were killed in the accident. Seven other passengers suffered injuries. A teenage boy suffered a closed head injury that caused a persistent vegetative state. Bahena sued respondent/cross-appellant Goodyear Tire and Rubber Company for wrongful death and other tort claims arising from the accident. Although the district court precluded Goodyear from litigating the issue of liability, the district court permitted Goodyear to fully litigate, without any restrictions, all claims by Bahena for compensatory and punitive damages.

The district court set the trial date for January 29, 2007. The discovery cutoff was December 15, 2006.

On November 28, 2006, Bahena filed a second motion to compel for sanctions seeking better responses to interrogatories and to require an index matching the discovery documents. The motion to compel pertained to interrogatory answers and a mass production of documents Goodyear had previously produced. At the hearing before the discovery commissioner on December 5, 2006, the discovery commissioner made a written finding of fact that he did not believe that Goodyear was acting in good faith and that Goodyear must designate which Rule 34 request made by Bahena the specific documents produced were responding to; otherwise, Goodyear was being evasive and noncompliant with discovery. The discovery commissioner's findings and recommendations were not objected to and subsequently approved by the district court when it entered an order on January 5, 2007.

The next discovery dispute pertained to a deposition noticed by Bahena of a Goodyear representative for December 11, 2006. Goodyear moved for a protective order on December 8, 2006. The discovery commissioner held a hearing upon the motion for protective order on December 14, 2006. The commissioner ruled that the deposition should go forward and recommended in writing on December 20, 2006, as follows:

IT IS RECOMMENDED THAT prior to December 28, 2006, Goodyear will have a representative appear at the office of Plaintiffs' counsel in Las Vegas, Nevada to render testimony in the presence of a court reporter regarding the authenticity of the approximately 74,000 documents bates stamped GY-Bahena produced by Goodyear in this matter. Any document Goodyear's representative does not either affirm or deny as authentic will be deemed authentic.

These recommendations were served on Goodyear on December 21, 2006. Goodyear did not request the discovery commissioner to stay the deposition prior to December 28, 2006. In addition, Goodyear did not file its objections to the discovery commissioner's recommendations until January 3, 2007.[1] On January 5, 2007, the district court entered its order approving the discovery commissioner's recommendations retroactive to the December 14, 2006, hearing date. Goodyear had filed a timely objection to. the discovery commissioner's recommendations on January 3, 2007. However, the district court did not receive the objections prior to entering its order on January 5, 2007.

Bahena filed a motion for sanctions on December 29, 2006. This motion was based upon Goodyear's unverified interrogatory responses and boilerplate or proprietary and trade-secret objections.[2] In this motion, Bahena sought additional relief, including the striking of Goodyear's answer and the entry of judgment as to both liability and damages. At a hearing upon this motion held January 9, 2007, the district court also considered and overruled Goodyear's objections to the recommendations and sustained its January 5, 2007, order regarding producing a witness for deposition to authenticate the documents as verbally ruled by the discovery commissioner on December 14, 2006. The district court struck Goodyear's answer as to liability and damages for sanctions based upon discovery abuses.

After the January 9, 2007, hearing, Bahena filed a motion to establish all its damages by way of a prove-up hearing. Goodyear filed an opposition to this motion and a countermotion for reconsideration of all the discovery sanctions approved by the district court, pursuant to its January 5, 2007, approval of the discovery commissioner's recommendations for the December 14, 2006,

---

[1]Goodyear's objections filed January 3, 2007, to the December 20, 2006, recommendations included an objection to the self-executing sanctions of deeming the documents authentic. This same objection continued in pleadings filed by Goodyear January 8, 2007, January 17, 2007, and through a hearing held on January 18, 2007, discussed below.

[2]On December 13, 2006, Goodyear answered all 34 interrogatories propounded by Bahena with objections. Further, Goodyear did not verify these answers. As previously noted, the discovery cutoff date was December 15, 2006.

hearing, and its January 9, 2007, order granting the motion to strike Goodyear's answer as to liability and damages. The district court set a hearing for these motions, pursuant to an order shortening time, for January 18, 2007. During the hearing, the district court granted Goodyear's request for reconsideration of its January 9, 2007, ruling to strike Goodyear's answer as to both liability and damages and entertained further argument on these issues. The district court further proceeded to accept factual representations made by all of the parties' attorneys present in court on behalf of Bahena and Goodyear, as. officers of the court. At this hearing, which consisted of 64 pages of transcript, the district court questioned the attorneys regarding the nature of the discovery disputes and the various responses. The district court further considered the voluminous exhibits and affidavits of counsel for the parties that were attached to the various motions and countermotions filed by Bahena and Goodyear. The district court imposed reduced sanctions of striking Goodyear's answer as to liability only, and denied Bahena's request to establish its damages by way of a prove-up hearing.

In analyzing its decision for imposing these non-case concluding sanctions, the district court reasoned that Goodyear's conduct throughout the discovery process caused stalling and unnecessary delays. The district court stated that the repeated discovery delays attributed to Goodyear were such that continuing the trial date to allow discovery to be completed was not the appropriate remedy for Bahena since the prejudice was extreme and inappropriate. The district court noted that the Bahena plaintiffs included a 14-year-old who had been in a persistent vegetative state for the past two years together with the estates of three dead plaintiffs. The district court further held that since the trial was scheduled to commence January 29, 2007, Goodyear knew full well that not responding to discovery in good faith would require the trial date to be vacated. If the trial had proceeded, there could have been an open question as to the authenticity of approximately 74,000 documents that were the subject of the December 14, 2006, hearing before the discovery commissioner. The district court then analyzed and applied the factors to be considered in the imposition of discovery sanctions set forth in *Young v. Johnny Ribeiro Building*, and codified findings of fact and conclusions of law in a written order filed January 29, 2007.[3] The case then proceeded to jury trial on the issue of damages only and Bahena obtained a judgment in excess of $30 million in compensatory damages. However,

---

[3]The district court invited both Bahena and Goodyear to submit proposed findings of fact and conclusions of law to the district court. However, the district court rejected the proposed findings and conclusions submitted by Bahena and Goodyear, and crafted its own findings of fact and conclusions of law.

Goodyear received a defense verdict upon Bahena's claim for punitive damages.

## DISCUSSION

In reviewing sanctions, we do not consider whether we, as an original matter, would have imposed the sanctions. Our standard of review is whether the district court abused its discretion in doing so. *Foster v. Dingwall*, 126 Nev. 56, 227 P.3d 1042 (2010). However, we do not impose a somewhat heightened standard of review because the sanctions in this case did not result in the case concluding sanctions of striking Goodyear's answer both as to liability and damages. In *Clark County School District v. Richardson Construction*, we concluded that:

> Under NRCP 37(b)(2), a district court has discretion to sanction a party for its failure to comply with a discovery order, which includes document production under NRCP 16.1. We will set aside a sanction order only upon an abuse of that discretion.

123 Nev. 382, 391, 168 P.3d 87, 93 (2007). We further concluded that there was substantial evidence to support the district court's decision to sanction the Clark County School District by striking all of its affirmative defenses. *Id.* In its analysis, the district court weighed the factors to impose the appropriate sanctions against the Clark County School District. *Id.* at 391-92, 168 P.3d at 93. Non-case concluding sanctions could have included striking the school district's answer as to liability only, as well as striking all of its affirmative defenses. The district court chose the latter. *Id.* For these reasons, we conclude that the same standard of review for striking all of the defendant's affirmative defenses applies when the district court strikes a defendant's answer as to liability only, but does not conclude the case as to damages.[4]

*NRCP 37(b)(2) sanctions*

Bahena contends that Goodyear violated the discovery order to produce a witness for deposition prior to December 28, 2006. We agree.

NRCP 37(b)(2) provides, in part, that if a person designated by a party to testify "fails to obey an order to provide or permit

---

[4]Our dissenting colleague suggests we adopt a standard of review for discovery sanctions based upon a parallel line of federal authority. We disagree because there is ample Nevada case authority regarding discovery sanctions. Also, we have expressly rejected the adoption of federal authority that employs

discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just,'' and, among other things, enter the following sanctions:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

NRCP 37(b)(2)(C). In this case, the discovery commissioner made a ruling at a hearing on December 14, 2006, that Goodyear must produce a witness for deposition to testify as to the authenticity of voluminous documents prior to December 28, 2006. Goodyear did not request the discovery commissioner stay this ruling pursuant to EDCR 2.34(e), the local district court rule that would allow such a stay. Thereafter, the time to produce the witness for deposition passed. On January 3, 2007, Goodyear filed objections to the discovery commissioner's written report and recommendations dated December 20, 2006, requiring the deposition. The district court initially approved the discovery commissioner's recommendations by an order dated January 5, 2007. Since the district court did not receive a copy of the objections filed by Goodyear on January 3, 2007, the district court allowed Goodyear to argue its objections at a hearing held January 9, 2007. The district court again overruled Goodyear's objections at the conclusion of this hearing.[5]

Goodyear was required to comply with the discovery commissioner's ruling announced at the December 14 hearing, unless the ruling was overruled by the district court. *See* NRCP 16.3(b) (stating that the discovery commissioner has the authority ''to do all acts and take all measures necessary or proper for the efficient performance of his duties''). A ruling by the discovery commissioner is effective and must be complied with for discovery purposes once it is made, orally or written, unless the party seeks a stay of the ruling pending review by the district court. *Id.*; EDCR 2.34(e). Goodyear failed to seek a stay of the ruling or an expedited review by the district court prior to the time to comply with the ruling,

---

mechanical application of factors regarding qualifications of expert witnesses and that conflicts with our state law. *Higgs v. State*, 126 Nev. 1, 16, 222 P.3d 648, 657-58 (2010).

[5]After the discovery commissioner's report and recommendations are signed and objected to, the district court has the option of affirming and adopting the recommendations without a hearing, modifying or overruling the recommendations without a hearing, or setting a date and time for a hearing upon the objections filed. NRCP 16.1(d)(3). If the recommendations are affirmed and adopted, the order of the district court is effective retroactive to the date of the hearing before the discovery commissioner when the ruling is verbally made. EDCR 2.34(e) permits the discovery commissioner to stay the ruling pending review by the district court.

and was therefore required to comply with the discovery commissioner's directive. The failure to do so was tantamount to a violation of a discovery order as it relates to NRCP 37(b)(2). *Young*, 106 Nev. at 92, 787 P.2d at 779 (holding that a court's oral ruling was sufficient to "constitute an order to provide or permit discovery under NRCP 37(b)(2)").

In *Young*, "[t]he court sanctioned Young by ordering him to pay [the nonoffending party's] costs and fees on the motion to dismiss, *by dismissing Young's entire complaint with prejudice, and by adopting the final accounting proposed by [the nonoffending party] as a form of default judgment against Young*" even though Young argued "that [the nonoffending party's] accounting was factually insufficient to constitute a default judgment." 106 Nev. at 91, 787 P.2d at 778 (emphasis added). We disagreed with Young and affirmed the judgment of the district court in all respects since Young "forfeited his right to object to all but the most patent and fundamental defects in the accounting."[6] *Id.* at 95, 787 P.2d at 781.

After the hearing on January 9, 2007, Bahena filed a motion to allow damages to be established by way of a prove-up hearing. Goodyear filed an opposition to this motion and a countermotion for reconsideration regarding the discovery sanction issues as to the interrogatory answers, the discovery commissioner's report and recommendations regarding the deposition and self-executing authentication sanctions, and the order striking Goodyear's answer. The district court granted Goodyear's request for reconsideration and reopened argument upon the issue of appropriate sanctions for these discovery abuses. At the hearing on January 18, 2007, the district court discussed the discovery commissioner's recommendations regarding producing a witness for deposition and observed as follows:

> I would have overruled your objections because the recommendation is very clear on its face. There is no confusion. It says what it says. And all you have to do is read it and comply with it.

The district court then proceeded to review the history of discovery abuses in this case involving Goodyear not only as to Bahena, but as to the codefendant Garm Investments, Inc. We conclude the

---

[6]We further noted that damages in a prove-up must normally be established by substantial evidence. *Young*, 106 Nev. at 94, 787 P.2d at 781. However, in cases involving a default judgment as a discovery sanction, the nonoffending party has a somewhat lesser standard of proof and only needs to establish a prima facie case by substantial evidence. *Id.*; *Foster v. Dingwall*, 126 Nev. 56, 67, 227 P.3d 1042, 1049 (2010). Therefore, Ribeiro only had to establish a prima facie accounting.

district court did not abuse its discretion by imposing non-case concluding sanctions upon Goodyear pursuant to NRCP 37(b)(2).

*Inherent equitable power of the district court*

In *Young*, we held that courts have ''inherent equitable powers to dismiss actions or enter default judgments for . . . abusive litigation practices. Litigants and attorneys alike should be aware that these powers may permit sanctions for discovery and other litigation abuses not specifically proscribed by statute.'' 106 Nev. at 92, 787 P.2d at 779 (alteration in original) (internal quotation and citation omitted). We further concluded that ''while dismissal need not be preceded by other less severe sanctions, it should be imposed only after thoughtful consideration of all the factors involved in a particular case.'' *Id.* at 92, 787 P.2d at 780. In discussing the legal basis for dismissal, we held:

> that every order of dismissal with prejudice as a discovery sanction be supported by an express, careful and preferably written explanation of the court's analysis of the pertinent factors. The factors a court may properly consider include, but are not limited to, the degree of willfulness of the offending party, the extent to which the non-offending party would be prejudiced by a lesser sanction, the severity of the sanction of dismissal relative to the severity of the discovery abuse, whether any evidence has been irreparably lost, the feasibility and fairness of alternative, less severe sanctions, such as an order deeming facts relating to improperly withheld or destroyed evidence to be admitted by the offending party, the policy favoring the adjudication on the merits, whether sanctions unfairly operate to penalize a party for the misconduct of his or her attorney, and the need to deter both the parties and future litigants from similar abuses.

*Id.* at 93, 787 P.2d at 780.

After analyzing all of these factors, we held ''that the district court did not abuse its discretion in imposing the more severe sanctions *of dismissal and entry of default judgment*'' and that the sanctions were not ''manifestly unjust.'' *Id.* (emphasis added). We stated that ''the district court gave appropriately careful, correct and express consideration to most of the factors discussed above'' and that we have ''affirmed sanctions of dismissal and entry of default judgment based on discovery abuses even less serious than Young's.'' *Id.* at 93-94, 787 P.2d at 780.

As the district court did in *Young*, the district court here prepared nine pages of carefully written findings of fact and conclusions of law analyzing the *Young* factors. These findings of fact de-

tail Goodyear's discovery abuses not only as to the violation of the court order to produce a witness for deposition, but as to improper responses and verifications to answers to interrogatories. For example, the district court found that "Goodyear failed to produce any representative in Nevada by December 28, 2006 pursuant to this [c]ourt's order from the December 14, 2006 hearing." Another finding of fact provided, in part, that if "the [c]ourt had been made aware of Goodyear's objection to the [d]iscovery [c]ommissioner's recommendations from the December 14, 2006 hearing, the [c]ourt would have overruled Goodyear's objections because the signed recommendation is very clear on its face." The conclusions of law set forth that the degree of willfulness by Goodyear was extreme and itemize nine separate reasons. These conclusions also state that:

> it is clear that Goodyear has taken the approach of stalling, obstructing and objecting. Therefore, the court considers Goodyear's posture in this case to be totally untenable and unjustified. Goodyear's responses to [p]laintiffs' interrogatories are nothing short of appalling.

The conclusions of law further balance various lesser and more severe sanctions and conclude that striking Goodyear's answer as to liability only was the appropriate sanction. The district court additionally awarded monetary sanctions against Goodyear in favor of Bahena and codefendant Garm Investments, Inc., for failure to provide proper answers to interrogatories and verifications.

We would further note that the discovery violations of Goodyear are strikingly similar to those in *Foster v. Dingwall*, 126 Nev. 56, 227 P.3d 1042 (2010). In *Foster*, the district court struck all the pleadings of the appellants and allowed judgment to be entered by default. *Id.* at 63, 227 P.3d at 1047. We concluded that the district court orders sufficiently demonstrated that the conduct of the appellants was "repetitive, abusive, and recalcitrant." *Id.* at 64, 227 P.3d at 1047. We further concluded that the district court "did not err by striking their pleadings and entering a default judgment against them." *Id.* The discovery abuses in *Foster* include the initial failure of a party to appear after depositions were noticed. *Id.* at 61-62, 227 P.3d at 1046. There were also discovery abuses by the failure of the appellants to supplement their responses to their answers to interrogatories and responses to requests for production of documents. *Id.* at 62, 227 P.3d at 1046. We concluded that NRCP 37(b)(2)(C) and NRCP 37(d) provide that a court may strike a party's pleadings if that party fails to attend his own deposition or fails to obey a discovery order. *Id.* at 65, 227 P.3d at 1048. We further concluded that entries of complete default are proper where "litigants are unresponsive and engaged in abusive litigation practices that cause interminable delays." *Id.* We held

that such sanctions "were necessary to demonstrate to future litigants that they are not free to act with wayward disregard of a court's orders," and that the conduct of the appellants evidenced "their willful and recalcitrant disregard of the judicial process." *Id.* at 66, 227 P.3d at 1049. As to the issue of attorney fees, we concluded that the award of attorney fees, in addition to default sanctions, was proper and the award of attorney fees shall be reviewed under the abuse of discretion standard. *Id.* at 72, 227 P.3d at 1052 (citing *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1027-28 (2006)).

Based upon the holdings of *Young*, *Foster*, and *Clark County School District v. Richardson Construction*, and for all of the reasons set forth above, we conclude that substantial evidence supports the non-case concluding sanctions of striking Goodyear's answer as to liability only pursuant to the district court's inherent equitable power. Further, findings of fact shall not be set aside unless they are clearly erroneous and not supported by substantial evidence. *See* NRCP 52(a); *Beverly Enterprises v. Globe Land Corp.*, 90 Nev. 363, 365, 526 P.2d 1179, 1180 (1974). The discovery commissioner's recommendations, from the December 5, 2006, and December 14, 2006, hearings, which the district court affirmed and adopted on January 5, 2007, are the findings of a master. Since the district court adopted them, they shall be considered the findings of the court. NRCP 52(a).

We further conclude that by Goodyear requesting reconsideration of the discovery sanctions due to the failure of Goodyear's representative to appear for a deposition prior to December 28, 2006, and the order of the district court from the January 9, 2007, hearing, the district court had the inherent equitable power to revise the appropriate sanctions in conjunction with the violation of this order and the failure of Goodyear to properly answer and verify the interrogatories.[7] These non-case concluding sanctions do not have to be preceded by other less severe sanctions. *Young*, 106 Nev. at 92, 787 P.2d at 780. The district court did not abuse its discretion by doing so since substantial evidence supports the district court's findings, and the findings are not clearly erroneous.

---

[7]Goodyear did not argue to the district court in its objections to the discovery commissioner's recommendations or in its opposition filed January 8, 2007, in its countermotion for reconsideration filed January 17, 2007, nor in its objections filed January 26, 2007, that the sanctions for violating the order to produce the witness for deposition must be limited to deeming the documents in question to be authentic. To the contrary, Goodyear argued that all sanctions including these self-executing authentication sanctions were improper and should be vacated. Goodyear further argued that if sanctions were to be imposed, they should be limited to an order to provide supplemental discovery responses or monetary sanctions.

*NRCP 37(d) sanctions*

In addition to awarding sanctions pursuant to NRCP 37(b)(2)(C), and based upon its inherent equitable power, the district court may order sanctions under NRCP 37(d). NRCP 37(d) allows for the award of sanctions if a party fails to attend their own deposition or fails to serve answers to interrogatories or fails to respond to requests for production of documents. Among the sanctions that are authorized by this rule are for the court to enter an order striking a pleading or parts thereof. *See Foster*, 126 Nev. 56, 227 P.3d 1042; *Skeen v. Valley Bank of Nevada*, 89 Nev. 301, 303, 511 P.2d 1053, 1054 (1973).

The district court found that Goodyear answered numerous sets of interrogatories propounded by Bahena and Garm Investments, Inc., that did not have proper verifications. In addition, the district court found that the Goodyear witness did not attend a deposition prior to December 28, 2006, which was recommended by the discovery commissioner and subsequently ordered by the district court. Therefore, we conclude there is substantial evidence to support the findings of the district court and the district court did not abuse its discretion under NRCP 37(d) and its inherent equitable power by structuring non-case concluding sanctions to strike the answer of Goodyear as to liability only.

*The district court has the discretion to conduct such hearings as are necessary to impose non-case concluding sanctions*

Goodyear argues that it was entitled to a full evidentiary hearing regarding the issue of striking Goodyear's answer as to liability only. We disagree.

Goodyear relies upon the case of *Nevada Power v. Fluor Illinois*, 108 Nev. 638, 837 P.2d 1354 (1992). In that case, the district court dismissed the complaint of the Nevada Power Company and the California Department of Water Resources for alleged discovery abuses. *Id.* at 642-43, 837 P.2d at 1358. The case was concluded by dismissing the complaint with prejudice. *Id.* We reversed and said that because of the case ending dismissal of the Nevada Power complaint, it was entitled to an evidentiary hearing upon the issue of sanctions. In *Foster*, 126 Nev. 56, 227 P.3d 1042, the district court struck the defendants' answer as to both liability and damages and allowed the plaintiffs to establish their damages by way of a prove-up hearing. 126 Nev. at 63, 227 P.3d at 1047. The district court held the required evidentiary hearing since the sanctions were case concluding.

In this case, the district court denied Bahena's motion to strike Goodyear's answer as to damages and Bahena's motion to be al-

lowed to establish damages through a prove-up hearing. The district court permitted Goodyear to fully argue and contest the amount of damages, if any, that Bahena could prove to a jury. In fact, Goodyear prevailed and received a defense jury verdict upon Bahena's cause of action for punitive damages.

Since the district court limited its sanctions to striking Goodyear's answer as to liability only, the sanctions were not case concluding ultimate sanctions. The sanctions were of the lesser nature similar to those imposed in *Clark County School District v. Richardson Construction*, 123 Nev. 382, 168 P.3d 87 (2007).[8] We conclude that when the court does not impose ultimate discovery sanctions of dismissal of a complaint with prejudice or striking an answer as to liability *and* damages, the court should, at its discretion, hold such hearing as it reasonably deems necessary to consider matters that are pertinent to the imposition of appropriate sanctions. The length and nature of the hearing for non-case concluding sanctions shall be left to the sound discretion of the district court. In determining the nature of this hearing, the district court should exercise its discretion to ensure that there is sufficient information presented to support the sanctions ordered. Further, the district court should make such findings as necessary to support its conclusions of the factors set forth in *Young*, 106 Nev. 88, 787 P.2d 777.

*Sufficiency of the January 18, 2007, hearing*

The district court set a hearing on January 18, 2007, to consider Bahena's motion to establish damages by way of a prove-up hearing and Goodyear's countermotion to reconsider sanctions. At the hearing, the district court allowed the attorneys for Bahena and Goodyear to make factual representations regarding the various discovery issues in dispute. The court also considered the record, which included exhibits and affidavits from other attorneys for Goodyear regarding the discovery disputes in question. The questions of the district court at the hearing to counsel pertained to various discovery requests that were propounded, and the failure of Goodyear to comply with the discovery commissioner's recommendations and subsequent court order to produce a witness for

---

[8]Also, we concluded in *Arnold v. Kip*, 123 Nev. 410, 168 P.3d 1050 (2007), that a case can be dismissed, which results in a dismissal with prejudice, when a party fails to comply with the discovery requirements of NRCP 16.1. We did not hold that the Arnolds were entitled to an evidentiary hearing prior to the entry of the order of dismissal. However, we did conclude that there is no heightened standard of review in that situation. *Id.* at 418, 168 P.3d at 1055.

deposition prior to December 28, 2006. The district court further considered the objections that had been previously filed by Goodyear to the recommendations of the discovery commissioner regarding the deposition witness.

Since the district court considered all affidavits and exhibits, and permitted the attorneys for Bahena and Goodyear to make factual representations to the court, we conclude that the district court conducted a sufficient hearing. Based upon the factual representations made by the attorneys, as officers of the court, and the balance of the record, the district court crafted its own findings of fact and conclusions of law emanating from this hearing.[9] The nature of the hearing complied with the requirements of *Young*, 106 Nev. 88, 787 P.2d 777. Therefore, the district court did not abuse its discretion by the way it structured the hearing since the record was sufficient for the court to make its findings of willfulness.[10]

## Compensatory damages

Goodyear contends that the compensatory damages awarded by the jury are excessive. We disagree.

In *Guaranty National Insurance Company v. Potter*, we concluded that "this court will affirm an award of compensatory damages unless the award is so excessive that it appears to have been given under the influence of passion or prejudice" and "an appellate court will disallow or reduce the award if its judicial conscience is shocked." 112 Nev. 199, 206-07, 912 P.2d 267, 272 (1996) (quotations and citations omitted). We subsequently held that "[s]ince special damages are a species of compensatory damages, a jury has wide latitude in awarding them. So long as there is an evidentiary basis for determining an amount that is reasonably accurate, the amount of special damages need not be mathe-

---

[9]Rule 3.3 of the Nevada Rules of Professional Conduct sets forth the standards of candor that a lawyer has toward a court. Rules 3.3(a)(1) and (3) provide that a lawyer shall not knowingly "[m]ake a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer" or "[o]ffer evidence that the lawyer knows to be false."

[10]Although Goodyear inquired at the end of the hearing if the district court wanted to hear its additional objections to the district court's ruling, the court stated that it had listened to Goodyear's counsel at length and read Goodyear's paperwork. At this hearing, Goodyear did not request to make an offer of proof as to what additional evidence Goodyear would present if the district court held an expanded evidentiary hearing regarding the discovery sanctions. However, the district court did consider, in its January 29, 2007, order, a supplement to exhibits that was filed by Goodyear the day after the January 18, 2007, hearing, together with objections filed January 26, 2007.

258

matically exact." *Countrywide Home Loans v. Thitchener*, 124 Nev. 725, 737, 192 P.3d 243, 251 (2008) (footnote omitted).

The compensatory damages are supported by substantial evidence. We must " 'assume that the jury believed all [of] the evidence favorable to the prevailing party and drew all *reasonable* inferences in [that party's] favor.' " *Id.* at 739, 192 P.3d at 252 (alteration in original) (quoting *Bongiovi v. Sullivan*, 122 Nev. 556, 581, 138 P.3d 433, 451 (2006)). Because of the loss of life and the serious injuries suffered by the appellants, we conclude there was a sufficient evidentiary basis for the award of all the compensatory damages. We further conclude that the amount of compensatory damages are not excessive and do not shock our judicial conscience.

*Punitive damages*

Bahena contends that the district court improperly required the appellants to establish liability for punitive damages. We disagree.

The district court has the discretion to determine what degree Goodyear was entitled to participate in the trial when it struck Goodyear's answer as to liability. *See Hamlett v. Reynolds*, 114 Nev. 863, 866-67, 963 P.2d 457, 458 (1998). Therefore, we conclude that the district court did not abuse its discretion regarding the punitive damage liability issue by refusing to impose case concluding sanctions.

### CONCLUSION

For all the reasons set forth above, the judgment of the district court is affirmed.[11]

PARRAGUIRRE, C.J., and HARDESTY, DOUGLAS, CHERRY, and SAITTA, JJ., concur.

PICKERING, J., dissenting:

The majority's decision to uphold the $30,000,000 default judgment in this case relies heavily on our deferential standard of review, and, in doing so, ignores the unanswered, material questions of whether Goodyear's alleged discovery abuse was willful and whether it prejudiced Bahena. Without an evidentiary hearing to resolve those questions, striking Goodyear's answer was an abuse of discretion and a violation of Goodyear's due process rights.

---

[11]We have considered the other issues raised by the parties and conclude they are without merit.

## I.

Although our review of discovery abuse sanctions is deferential, contrary to the majority's view, that deference "does not automatically mandate adherence to [the district court's] decision." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003). " " "Deferential review is not no review," and "deference need not be abject." ' " " *Id.* (quoting *Hess v. Hartford Life & Acc. Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001) (quoting *Gallo v. Amoco Corp.*, 102 F.3d 918, 922 (7th Cir. 1996))).

Our policy favoring disposition on the merits requires us to apply a heightened standard of review where the sanction imposed, as in this case, is liability-determining. *Havas v. Bank of Nevada*, 96 Nev. 567, 570, 613 P.2d 706, 707-08 (1980); *Young v. Johnny Ribeiro Building*, 106 Nev. 88, 92, 787 P.2d 777, 779-80 (1990). In *Nevada Power Co. v. Fluor Illinois*, we held that the district court abused its discretion when it dismissed a complaint and imposed other sanctions without first holding an evidentiary hearing on factual issues related to the meaning of discovery orders and whether those orders had been violated. 108 Nev. 638, 646, 837 P.2d 1354, 1360 (1992). In reversing the district court, we held that "[i]f the party against whom dismissal may be imposed raises a question of fact as to any of these factors, the court *must* allow the parties to address the relevant factors in an evidentiary hearing." *Id.* at 645, 837 P.2d at 1359 (emphasis added).

While the majority distinguishes this case from *Nevada Power* by characterizing the sanctions as "non-case concluding," the reality is that striking Goodyear's answer did effectively conclude this case. The sanction resulted in a default liability judgment against Goodyear and left Goodyear with the ability to defend on the amount of damages only. Liability was seriously in dispute in this case,[1] but damages, once liability was established, were not, given the catastrophic injuries involved. Thus, striking Goodyear's answer was akin to a case concluding sanction, placing this case on the same footing as *Nevada Power*.

Surprisingly, the majority relies on *Young v. Johnny Ribeiro Building*. What it misses in *Young* is that we affirmed the claim-concluding sanctions there only because the district "court treated Young fairly, *giving him a full evidentiary hearing.*" 106 Nev. at 93, 787 P.2d at 780 (emphasis added). This case thus is not like *Young* but rather like *Nevada Power*, in that the district court erred as a matter of law in not holding an evidentiary hearing.

---

[1]Goodyear avoided punitive damages in this case by arguing that a road hazard, rather than design or manufacturing defect, caused the tire failure from which this accident resulted. This suggests that its defenses to liability had a reasonable chance of success.

## II.

When the district court struck Goodyear's answer, Goodyear's counsel had raised several factual questions about Goodyear's willfulness and the extent of any prejudice to Bahena. However, the district court did not hold or conduct the evidentiary hearing required by *Nevada Power* and *Young* to resolve the questions of fact before striking Goodyear's answer and all defenses to liability. This is, I submit, an example of "Sentence first—verdict afterwards," that does not deserve deferential review. Lewis Carroll, *Alice's Adventures in Wonderland*, Chapter XII "Alice's Evidence" (MacMillan and Co. 1865).

The district court entered three discovery orders based on the Discovery Commissioner's recommendations. Because the first order merely set the language for Goodyear's protective order, it is not a discovery order that Goodyear could have violated. The remaining two orders were both entered by the district court on January 5, 2007, just four days prior to the district court's decision to strike Goodyear's answer.

The second order adopted the Discovery Commissioner's December 5, 2006, recommendation that all counsel meet and review written discovery to reach an agreement as to what discovery obligations remained unfulfilled. Goodyear's attorneys submitted affidavits averring that they met and conferred telephonically with Bahena on December 15, 2006. According to Goodyear, it requested that Bahena present it with a list of documents Bahena wanted authenticated and a list of any other discovery issues. Goodyear claims that Bahena failed to produce these lists. Nonetheless, even if Bahena had provided Goodyear with the lists, the terms of the recommendation gave Goodyear 30 days, or until January 15, 2007, to "conclusively respond to what was requested." This order cannot justify the district court's sanction order since the time for complying with its obligations (January 15, 2007) came six days *after* the district court ordered Goodyear's answer stricken (January 9, 2007).

The third order similarly adopted a recommendation by the Discovery Commissioner, this one dated December 14, 2006, and recommending that by December 28, 2006, Goodyear produce a representative to authenticate the 74,000 adjustment and claims documents that Goodyear had produced months earlier under NRCP 34, as they were kept in the ordinary course of its business.[2] Goodyear made a timely objection to this recommendation on

---

[2]The core dispute appears to have been whether Goodyear was entitled to produce the documents as kept in the ordinary course of its business as NRCP 34 permits or should be required to create an index of the documents to facilitate their review, a dispute driven in part, according to Goodyear, by the breadth of the discovery sought.

January 3, 2007. This recommendation also is problematic as the predicate for the severe sanctions imposed. Significantly, in his December 14 recommendation, the Discovery Commissioner *rejected* Bahena's request to strike Goodyear's answer as sanctions and instead provided a self-executing "deemed authentic" noncompliance penalty.[3] Also important, the parties disputed the meaning of—and consequence of violating—this recommendation. Bahena offered to seek clarification from the court—and did so on December 29, 2006, a day after Goodyear was supposed to comply with this third recommendation. The fact that Bahena, not Goodyear, sought clarification supports Goodyear's position that an unresolved dispute existed among the lawyers as to what, precisely, the Discovery Commissioner had directed them to do. Further confusing things, the parties were not able to get back before the Discovery Commissioner over the holiday or thereafter because of his impending retirement, effective December 31.

The majority's reasoning does not acknowledge the confusion surrounding these issues but instead defers to the district court's finding that Goodyear failed to comply with the discovery recommendations. Based on Goodyear's assertions, however, which it supported by affidavit, there are genuine, material questions of whether Goodyear willfully abused the discovery process. Without resolution of these questions through an evidentiary hearing, an ultimate sanction was premature.

## III.

Goodyear additionally raised questions of whether the alleged discovery abuse prejudiced Bahena. Goodyear maintains that Bahena was prepared for trial and therefore did not need the additional discovery sought to be compelled. Bahena admitted to being ready for trial on January 4, 2007, before the district court struck Goodyear's answer.

Goodyear further contends that Bahena's trial experts did not need Goodyear to provide more specificity with respect to the disputed documents, which comprised adjustment and claims data relating to various tires. Rather, Goodyear asserts that Bahena's experts had already formed their opinions prior to Bahena's request and were amply familiar with the documents as produced by Goodyear from other Goodyear products liability litigation in which the same set of documents had been produced. In a Sep-

---

[3]The Discovery Commissioner included the following express noncompliance penalty in his December 14 recommendation, making it self-executing: "Any document Goodyear's representative does not either affirm or deny as authentic will be deemed authentic." Goodyear had no indication that noncompliance risked more serious penalty. Of note, Bahena did not file cross-objections to either of the Discovery Commissioner's reports and recommen-

tember 29, 2006, deposition, Bahena's expert, Dennis Carlson, stated that all of his opinions were contained in his report and that he was prepared to give his expert testimony. Carlson further revealed that his opinions were not based on adjustment or claims data. Additionally, the July 5, 2006, report of another Bahena expert, Allan Kam, states that Kam supported his conclusions with claims data he already had for a nearly identical tire. Moreover, Bahena did not refute Goodyear's assertion that its expert Kam, through prior litigation involving Goodyear and its adjustment and claims documents, already reviewed and produced reports on the same documents Goodyear produced elsewhere in other lawsuits without the index that became the source of the core discovery dispute in this case.

Goodyear also asserts that Bahena contributed to any prejudice it may have suffered by making delayed discovery requests and contributing to discovery and case management problems. Bahena served its third set of written discovery on November 10, 2006, less than 30 days before the December 7, 2006, discovery cutoff date.[4] Goodyear responded to the discovery request on December 13, 2006, which was within 30 days, after allowing 3 days for mailing, missing the verification required by NRCP 33 but promising to supply it. Bahena filed its motion to compel answers to this third set of discovery on December 29, 2006. Goodyear opposed the motion on the grounds that Bahena filed it after the discovery cutoff date and that Bahena's third discovery request came too close to trial.

The majority's decision defers to the district court's recitation that Bahena suffered prejudice. Without an evidentiary hearing to resolve the existence and extent of the prejudice—including whether imposing liability-terminating sanctions was required to stanch that prejudice—we have no findings to which deference is due.

## IV.

This court would not affirm summary judgment where a party had raised factual disputes like those asserted here concerning

dations, in which the Discovery Commissioner denied Bahena's requests for sanctions. While the majority tries to shore up the district court's order by citing the Discovery Commissioner's "findings" as those made by a "master," the exercise fails because (1) the Discovery Commissioner didn't hold an evidentiary hearing and (2) the relevant finding he made was that the discovery issues did not merit the severe sanctions Bahena sought, a finding Bahena accepted by not objecting to it.

[4]The majority goes with the December 15, 2006, discovery cutoff date referenced in some of the motion papers in the district court. If the court-ordered discovery cutoff date of December 7, 2006, was extended to December 15, 2006, the order by which this extension was granted does not appear in the record. From what appears, the court-ordered cutoff was December 7, 2006.

willfulness and prejudice. However, the majority's decision is analogous to affirming summary judgment despite the record presenting numerous unresolved factual issues.

While the majority relies on the district court's inherent power to impose sanctions, due process requirements limit that power. *See Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 349-54 (1909)). "Sanctions interfering with a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Id.* at 591 (citing *G-K Properties v. Redevelopment Agency, Etc.*, 577 F.2d 645, 648 (9th Cir. 1978)). Put another way, the district court's sanction must relate to the prejudice caused by the matter at issue in the discovery order. *Id.* With no evidentiary hearing to decide the disputed issues of fact, the benefit of the doubt on them should go to the party who lost, not the party who won. Applying this familiar summary judgment standard, striking Goodyear's answer appears to have been an excessive penalty and was not proportional to Bahena's discovery dispute claims. To uphold this ultimate sanction in the face of these factual questions and without the benefit of an evidentiary hearing violates the most fundamental of due process rights and for that reason, I respectfully dissent.