IN THE SUPREME COURT OF THE STATE OF NEVADA

TAYLER OAKSMITH,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE CRISTINA D.
SILVA, DISTRICT JUDGE,
Respondents,
and
CESAR ROSAS; AND LOYA
INSURANCE COMPANY, INTERVENOR,
Real Parties in Interest.

No. 81706

**FILED**

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges several district court orders in a personal injury action. We are not persuaded that our extraordinary and discretionary intervention is warranted. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Petitioner fails to demonstrate that the district court manifestly abused its discretion or acted arbitrarily or capriciously by granting real parties in interest's motions to intervene and to participate in the prove-up hearing on damages. *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020) (setting forth the requisites for mandamus); *see also Estate of Lomastro v. Am. Fam. Ins. Grp.*, 124 Nev. 1060, 1069, 195 P.3d 339, 346 (2008) (holding that a party may intervene after entry of default but is limited to contesting damages); *Hamlett v. Reynolds*, 114 Nev. 863, 866-67, 963 P.2d 457, 459 (1998) (holding that a district court has broad discretion in conducting prove-up hearings and the extent to which parties may participate).

21- 11072

Petitioner further fails to demonstrate that the district court acted without or in excess of its jurisdiction by granting these motions, *see* NRS 34.320 (scope of prohibition), and writ relief is not warranted as petitioner can challenge both orders on appeal from a final judgment, *see Walker,* 136 Nev., Adv. Op. 80, 476 P.3d at 1197 (holding that an alternative legal remedy generally precludes writ relief).

Petitioner further fails to demonstrate that the district court manifestly abused its discretion or acted arbitrarily or capriciously by denying his motion to disqualify Gentile Law Group, as the record does not show that Gentile Law Group represented both real parties in interest or that it acted inconsistently with the Rules of Professional Conduct. *See Walker,* 136 Nev., Adv. Op. 80, 476 P.3d at 1196; *see also Liapis v. Second Judicial Dist. Court,* 128 Nev. 414, 420-21, 282 P.3d 733, 737-38 (2012) (explaining situations where a nonclient may bring a motion to disqualify an attorney); RPC 1.2 (permitting a lawyer to take impliedly authorized actions on behalf of a client, but requiring a client's permission to settle a matter). We therefore,

ORDER the petition DENIED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. Cristina D. Silva, District Judge
     Cogburn Law Offices
     Olson, Cannon, Gormley, & Stoberski
     Gentile Law Group
     Eighth District Court Clerk