141 Nev., Advance Opinion 14

## IN THE SUPREME COURT OF THE STATE OF NEVADA

R.J. REYNOLDS TOBACCO COMPANY, A FOREIGN CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-BY-MERGER TO LORILLARD TOBACCO COMPANY AND AS SUCCESSOR-IN-INTEREST TO THE UNITED STATES TOBACCO BUSINESS OF BROWN & WILLIAMSON TOBACCO CORPORATION, WHICH IS THE SUCCESSOR-BY-MERGER TO THE AMERICAN TOBACCO COMPANY,
Appellant,
vs.
TIMOTHY A. GEIST, INDIVIDUALLY AND AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF VERNA LEE GEIST,
Respondent.

No. 89135



FILED

MAR 20 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Motion to dismiss, for lack of jurisdiction, appeal from a district court prejudgment sanctions order. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Appeal dismissed.*

Bailey Kennedy and Dennis L. Kennedy, Joseph A. Liebman, and Rebecca L. Crooker, Las Vegas; King & Spalding LLP and Kathryn Stewart Lehman, Valentin Leppert, and Ryan T. Kearney, Atlanta, Georgia, and Ursula Marie Henninger, Miami, Florida,
for Appellant.

25-12631

Claggett & Sykes Law Firm and Sean K. Claggett, William T. Sykes, Matthew S. Granda, Micah S. Echols, Charles L. Finlayson, and David P. Snyder, Las Vegas; The Alvarez Law Firm and Alejandro Alvarez, Nicholas I. Reyes, and Michael A. Alvarez, Coral Gables, Florida,
for Respondent.

---

BEFORE THE SUPREME COURT, HERNDON, C.J., and BELL and LEE, JJ.

*OPINION*

PER CURIAM:

Following a mistrial, the district court sanctioned appellant for misconduct under NRS 18.070(2), awarding respondent attorney fees and costs. Before the rescheduled trial commenced, appellant appealed from the sanctions order. Respondent has filed a renewed motion to dismiss the appeal for lack of jurisdiction, asserting that no authority provides for an appeal from an interlocutory sanctions order. Appellant has opposed the motion, pointing out that this court recognized, in *Mona v. Eighth Judicial District Court*, that "[a] sanctions order is final and appealable." 132 Nev. 719, 724, 380 P.3d 836, 840 (2016). Respondent has filed a reply.[1]

No statute or court rule authorizes an appeal from an interlocutory district court order imposing sanctions. *See generally Brown v. MHC Stagecoach*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2010)

---

[1]We originally resolved this motion by unpublished order. Respondent filed a motion to publish the order as an opinion, which we grant. *See* NRAP 36(e). We now issue this opinion in place of the order.

(recognizing that this court "may only consider appeals authorized by statute or court rule"). Although appellant specifies NRS 15.040 (providing that when the district court enters an order requiring payment, "it may be enforced by execution in the same manner as if it were a judgment") and *Mona*, 132 Nev. at 724, 380 P.3d at 840, as the bases for its appeal from the sanctions order, those authorities do not provide for an appeal from an interlocutory sanctions order.

This court's opinion in *Mona* appears to say the opposite, stating that "[a] sanctions order is final and appealable." *Id.* Standing alone, this statement suggests appellant had an immediate right of interlocutory appeal from the sanctions order. However, when considered in context, *Mona* is distinguishable. The sanctions order in *Mona* was not interlocutory but rather arose post-judgment and involved a collection effort against a nonparty, who may not appeal and must instead seek writ relief, even when the order otherwise would be appealable by a party to the action. Because the decision's statement respecting the appealability of sanctions orders was made in the context of determining whether the petition for writ relief would be considered and was based on the procedural posture of the case, it was not a statement of generally applicable appealability and thus was dictum to the extent it could be read as such. Consequently, *Mona* does not alter the general rule that, where there is no final judgment and no court rule or statute otherwise authorizing the appeal, this court lacks jurisdiction to review interlocutory orders imposing sanctions against a party to the case. *See Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984); *Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 245-46, 235 P.3d 592, 594 (2010) (exemplifying that an interlocutory order imposing sanctions may be challenged in the context of an appeal from a

final judgment, per *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998)). Accordingly, we grant the renewed motion to dismiss and order this appeal dismissed.

_____, C.J.
Herndon

_____, J.
Bell

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A